WESTERN TIE & TIMBER COMPANY *v.* THOMAS.

Opinion delivered April 8, 1907.

APPEAL—PRESUMPTION.—Where a judgment in the court below against an alleged foreign corporation was based upon service upon an agent, it will be presumed on appeal, in the absence of a contrary showing, that the lower court ascertained that the defendant was a foreign corporation, and that the agent was a proper person upon whom to serve the process.

Appeal from Jackson Circuit Court; *F. D. Fulkerson,* Judge; affirmed.

STATEMENT BY THE COURT.

Appellant made the following affidavit before a justice of the peace of Jackson County, towit:

"J. D. Thomas, Plaintiff, *v.* Rodney Stephenson, Agent for Western Tie and Timber Company, Defendant.

"The plaintiff, J. D. Thomas, states that the claim in this action against the defendant is for money due on cross-ties made on certain land (describing it) in Jackson County, Arkansas; that it is a just claim; that he ought, as he believes, to recover thereon the sum of $50; that said defendant has removed some of the said ties off said land without paying said amount due. Wherefore he prays an order of attachment, that he have judgment for said amount and cost of suit, and for other proper relief. This 13th day of July, 1903."

The justice docketed the case as indicated in the above affidavit, and issued the writ commanding the constable to attach the cross-ties on the land as described in the affidavit, "or so much as will be necessary to satisfy the plaintiff in this action for $50 and cost of this action. Also summons Rodney Stephenson, agent for the Western Tie and Timber Company, to appear before me at my office in Cache Township on the 18th day of July, 1904, to answer the claim of the plaintiff set forth in said affidavit, and to 'make due return of the writ of attachment and proceedings thereon on the 18th day of July, 1904.'"

The usual attachment bond in which the action was styled as in the affidavit and writ was made. On the return day, 18th of July, 1904, the defendant made default, and a judgment was rendered in favor of the plaintiff.

On the same day an affidavit for appeal was made before the justice, reciting that, "the defendant, Rodney Stephenson, states that the appeal taken from the judgment herein is not taken for delay, but that justice may be done." An appeal bond was made, styled in the same way and reciting among other things: "Whereas Rodney Stephenson has appealed from the judgment of W. N. Vance, a justice of the peace, etc., in an action between J. D. Thomas as plaintiff and Rodney Stephenson for the Western Tie and Timber Company as defendant, now, if," etc., following the usual form of bond.

The appeal was allowed, and the transcript of the justice's docket, lodged in the circuit court, styles the case: "J. D. Thomas, plaintiff, v. Rodney Stephenson, Agent for Western Tie and Timber Company, defendant," recites that Thomas made affidavit for attachment "for money due him for the timber, due from the Western Tie & Timber Company in the sum of $50,"

then follows the recital showing that the writ of attachment was issued, and that "Rodney Stephenson, agent for the Western Tie & Timber Company, was summoned to appear on the 18th day of July, 1904, in my office in said township, to answer the claim of the said J. D. Thomas, plaintiff, in said action, *against the Western Tie & Timber Company."* Then follows the recital showing judgment by default in favor of plaintiff against the defendant, and that Rodney Stephenson, agent for the Western Tie & Timber Company, appeared, filed an affidavit and bond for appeal, and that the appeal was granted.

In the circuit court the case was docketed "J. D. Thomas, plaintiff, *v.* Rodney Stephenson, Agent for the Western Tie & Timber Company." The first order in the case following the above style is as follows: "On this day comes the defendant, Rodney Stephenson, agent, by his attorneys, Jones and Jeffrey, and by leave of the court files his motion to make the complaint herein more specific." Then follows the order under same style, showing the contents of the motion and filing thereof. Then follows an order showing the confession of the motion and leave granted by the court to make the complaint more specific. The next order shows the filing of "amendment to affidavit herein." That amendment is as follows:

"Comes the plaintiff, and for amendment to the affidavit filed herein says: That the defendant, the Western Tie & Timber Company, without right entered upon the N. ½ of the S. E. ¼ of the S. ½ of the N. E. ¼ of sec. 20, T. 9 N., R. 1 W., in Jackson County, Arkansas, the same being the property of this defendant, and without right cut down timber and made the same into cross-ties, towit: 1250 cross-ties, and that said ties are of the value of 4 cents each and of the total value of $50. And that plaintiff claimed a lien on said ties for the value thereof. That he had no contract with said Western Tie & Timber Company or anyone else to make ties upon his land. And that he is not seeking any personal judgment against the said Rodney Stephenson, but claims a lien on said ties for said sum of fifty dollars. Wherefore he prays that the attachment herein be sustained, and that he have judgment against the Western Tie & Timber Company for said sum of fifty dollars, for costs and all other relief, and that his attachment be sustained."

After this are orders showing motion made to dissolve attachment, the overruling of same, a motion for continuance and the granting of same. In these the style of the case "J. D. Thomas v. Rodney Stephenson, Agt.," etc., is preserved. At the next term there is an order styled "J. D. Thomas v. Rodney Stephenson," noting that the defendant comes "by his attorney and files his motion to require the plaintiff to make more definite his amended affidavit," then follows the motion styled in the same manner, signed by "Rodney Stephenson, defendant, by Gustave Jones, attorney." The next order of the court shows the submission of the cause to the jury. It is styled "Jeff. Thomas, plaintiff, v. Rodney Stephenson and Western Tie and Timber Co., defendants," and recites that: "Plaintiff to maintain the issues on his part and defendants to maintain the issues on their part introduced witnesses who testified," etc. Then follows the testimony on behalf of plaintiff (appellee), which tends to prove that he bought the land from which the ties in controversy were cut February 29, 1904. Before that time appellee's vendor had sold the tie timber on the land under a contract that the Western Tie & Timber Company was to cut 2500 ties for $100, and all ties over that the Western Tie & Timber Company was to pay for at the price of four cents per tie. Appellee did not know at the time he purchased that the timber had been sold; his grantor did not tell him. The Western Tie & Timber Company had cut 2000 ties before appellee purchased the land. After appellee's purchase, the Western Tie & Timber Company cut 1434 ties that were on the ground. These appellee attached. One or two hundred in addition to these 1434 were on the bank of the river. The ties were worth five cents per stick. Rodney Stephenson was agent for the Western Tie & Timber Company in that territory. He was superintendent for the company down there. On behalf of the defense a deed was introduced showing that Mrs. Phillips, appellee's vendor, had conveyed to the Western Tie & Timber Company the tie timber on the land in consideration of $100, allowing five years to remove the timber, and providing that if more than 2500 ties were made the grantee was to pay the grantor four cents each for all in excess of 2500. This deed was dated May 24, 1902. A letter written by appellee to the Western Tie & Timber Company was

introduced, in which appellee says he has bought the land above described from Mrs. Mustin, and that Mrs. Mustin told him she had given a timber deed for fifty dollars worth of ties at four cents a stick, and that there had already been 2000 cut, and asked that the deed be sent to Mr. Stephenson, so that he could look it over. This was all of the testimony.

The defense asked a peremptory direction to the jury, which the court refused, and exceptions were reserved.

Thereupon the court instructed the jury as follows:

"Gentlemen of the jury: The plaintiff in this case sued the defendant, Western Tie & Timber Company, for the value of certain ties which he alleges they cut off his land. The defendant claims to be the owner of the ties by virtue of a previous timber deed, which is not recorded.

"The defendant is sued for fifty dollars. The evidence in this case will warrant you in finding that the plaintiff, Thomas, had notice that there was a contract to take off twenty-five hundred ties at four cents. If you find from the preponderance of evidence in this case that the defendant took off any greater number of ties than twenty-five hundred, he is entitled to a verdict for four cents per tie, not exceeding fifty dollars, with interest at six per cent. If you find there was not over twenty-five hundred taken off, then your verdict should be for the defendant.

"Gentlemen of the jury, I instruct you that the evidence, in so far as hearsay, except from the principal officers of this company, if there is such testimony from them as to what they said about it, is not admissible; and the testimony should be from the witness' own knowledge. All hearsay testimony is excluded."

No exceptions were saved by either party to the giving of the above instructions.

The jury returned a verdict for $41.36. The court entered judgment for the sum of $3.58, 6 per cent. interest.

Motion for new trial assigned as errors: "1. The refusal of the court to quash and dismiss. 2. Error in instruction given by the court. 3. That the verdict is contrary to the law and the evidence, and not supported by the evidence." The motion was overruled, and this appeal followed.

*Gustave Jones* and *F. H. Sullivan,* for appellant.

1. Under the circumstances of this case, the action must be taken to be *ex delicto,* and in trespass. The justice of the peace was without jurisdiction, and the circuit court acquired none on appeal. 38 Ark. 454; 53 Ark. 131; 7 Ark. 305.

In an action for trespass *quare clausum fregit,* the plaintiff must prove that he was in actual possession of the premises, or that he had the legal title thereto. 1 Ark. 448; *Id.* 465; 26 Ark. 505; 44 Ark. 77; 73 Ark. 199. The same rule applies in an action in trover to recover for the value of timber cut from real estate. 55 Ark. 307; 65 Ark. 448; *id.* 600.

2. There is nothing upon which to base a judgment against Rodney Stephenson, either in the pleadings or in the proof. Appellee expressly disclaimed any intention to ask for judgment against him.

3. A writ directed against Rodney Stephenson, agent for the Western Tie & Timber Company, was an action against him *in personam,* and not against the company. 20 Encyc. Pl. & Pr. 1136. Return from service upon "Rodney Stephenson, agent," etc., would not be sufficient to bring the company into court, even if the writ was sufficient for that purpose. 69 Ark. 429; 62 Ark. 144.

4. A deed for timber standing upon real estate conveys the timber and passes the legal title, and a subsequent purchaser with notice takes subject to the conveyance. 63 Ark. 10; 69 Ark. 447; 91 S. W. 281. And the burden was on appellee to prove that at the time he paid the consideration he had no notice of the prior conveyance. 68 Ark. 168; 75 Ark. 228; 56 Ark. 537; 96 S. W. 125.

*Stuckey & Stuckey,* for appellee.

The attachment was issued under sec. 4967, Kirby's Digest. The fact that the amended pleading states that the appellant without right took the timber in question does not convert the case into an action for trespass to real estate. When the ties were severed from the soil, they became personal property, and their removal by appellant was tantamount to a purchase. Appellee had the right to affirm such sale, and to bring attachment to enforce his lien for purchase price. Title to real estate

was not involved, and the justice of the peace had jurisdiction.

WOOD, J., (after stating the facts)   The real defendant in this cause from its inception in the justice's court to the final judgment in the circuit court was the Western Tie & Timber Company.   The manner in which the case is styled in the justice's court showed that the justice treated it as a cause of action against the Western Tie & Timber Company.   The original affidavit, which was the only pleading in the justice's court setting forth appellee's cause of action, and which served the purpose of the complaint, shows that the Western Tie & Timber Company was the defendant, and that Rodney Stephenson was named as party in the style of the case only in the capacity of agent for the Western Tie & Timber Company, the defendant.   The style of the case on the justice's docket, and as it appears in the various papers filed and orders made, shows that there was only one defendant.   The affidavit states that the claim is "against the defendant," and that the defendant has removed, etc.   The transcript of the justice shows that the cause of action was "for money due him (plaintiff) from the Western Tie & Timber Company in the sum of $50," and that "Rodney Stephenson, agent for the Western Tie & Timber Company, was summoned to appear to answer the claim of the said J. D. Thomas, plaintiff, against the Western Tie & Timber Company."   There can be no doubt that the Western Tie & Timber Company was the party sued in the justice's court, and that it was served with process by summons upon its agent, Rodney Stephenson.   It will be presumed, in favor of the jurisdiction of the justice, that in passing upon the question of his jurisdiction he ascertained that the defendant was a foreign corporation, and that Rodney Stephenson, its agent, was a proper person upon whom to serve the process.   In *Lesser Cotton Co.* v. *Yates,* 69 Ark. 396, we used this language: "We mean and hold that where 'the character of an agency of a foreign corporation is such as to render it fair, reasonable and just to imply an authority on the part of the agent to receive service, the law will, and ought to, draw such an inference and imply such authority, and service under such circumstances and upon an agent of that character is sufficient.'"   No written pleadings were required in the justice's court.   We are of the opinion that the rec-

ord of the justice, taken as a whole, shows at least *prima facie* jurisdiction of the Western Tie & Timber Company. There was no proof to the contrary. The judgment of the justice was not void. The suit was for the value of the ties, and was treated by the justice as a suit upon implied contract to pay for same. No question of the title to the land was involved. The justice therefore had jurisdiction both of the subject-matter and of the person. When Rodney Stephenson appealed from the judgment of the justice, he must be held to have taken the appeal for the party sued and against whom the judgment was rendered. The appeal bond and the recitals from the record of the justice show that the Western Tie & Timber Company was the party taking the appeal. It was a corporation, and could only act through an agent, and Rodney Stephenson was its agent. So, we are of the opinion that the circuit court acquired jurisdiction on appeal of the Western Tie & Timber Company and the subject-matter of the action. No question of jurisdiction was raised either in the justice's or circuit court. In the circuit court the cause progressed to judgment upon the issue, as shown by the proof and the charge of the court, as to whether or not the Western Tie & Timber Company was indebted to appellee in the sum of fifty dollars for ties. The court in its charge correctly stated the issue. There was no exception saved to the declaration of law. There was evidence to support the verdict, and the judgment is therefore affirmed.

BATTLE, J., dissenting.