BUSH v. VISANT.

1. ATTACHMENT : *Of land in actions before J. P.*
   The act of 23d January, 1875, regulating attachments upon land in suits before Justices of the Peace, is not unconstitutional.

2. APPEAL: *From J. P. Appeal bond necessary to stay execution.*
   The granting of an appeal from the judgment of a Justice of the Peace condemning land to be sold in an action by attachment,

Bush v. Visant.

will not stay the execution of the judgment and sale of the land unless an appeal bond be given by the appellant.

3. ATTACHMENT: *When bond must be filed before executing judgment.*

When the defendant in attachment has been constructively summoned and has not appeared to the actions, his land, which has been attached and ordered to be sold, can not be sold until the bond provided by section 4727, Gantt's Digest, has been executed and filed.

4. ATTORNEY AD LITEM: *No authority to enter defendant's appearance.*

An attorney *ad litem* for a defendant constructively summoned has no authority by virtue of his appointment to enter the appearance of the defendant or to waive any of his rights, and he is presumed to act only on that appointment in the absence of any showing of authority from the defendant.

5. ATTACHMENT: *Statute to be strictly followed.*

The proceedings by attachment against the property of a non-resident are Statutory and must be strictly followed to make a valid sale of it.

APPEAL from *Arkansas* Circuit Court.

Hon. X. J. PINDALL, Circuit Judge.

*W. H. Halliburton,* for Appellant.

Plaintiffs muniments of title were not admissible in evidence, because—

1. The Justice had no jurisdiction to create "a lien on land" and condemn the same to be sold, &c. See latter clause *sec.* 40, *Art.* 7, *Const.* 1874. Said pretended judgment was not entered in the docket of the Circuit Court for common law judgments. *Act Jan'y.,* 1875; *Acts of* 1874–5, *p.* 111.

2. Defendant was a non-resident and the attorneys *appointed* by the Court could not enter an appearance, &c. The defendant was not in Court. *Gantt's Dig., sec.* 4727.

3. In a suit by attachment against a non-resident constructively summoned, no execution could issue until a bond

was executed. *Acts* 1875 *supra.,* and *2d clause sec.* 4727, *Gantt's Dig.*

*Martin & Trimble,* for Appellee,

No personalty being found the attachment was properly levied on land. *Act Jan'y.,* 23, 1875. The constructive service was complete. Freeman & Johnson, the regularly retained attorneys of appellant, *entered his appearance, filed an answer and demanded a jury trial.* See *Gantt's Dig., sec.* 4727, *Sub. Div.* 1. If they had not regularly and positively entered his appearance the filing an answer had that effect. *Ib.*

The sale by the Sheriff and the proceedings before the J. P. were regular and valid. *Acts* 1875, *p.* 111, *1st session.* The bond required by the act is the one provided by *Sub.* 2, *sec.* 4727, *Gantt's Dig.* None was necessrry before the sale by the Sheriff, because that applies only to sales, where the service is constructive. Here the appearance of def't. was regularly entered, and a judgment *in personam* properly entered and the land condemned.

On conclusions of law see *G. D., sec.* 3822, 4727.

### STATEMENT.

ENGLISH, C. J. The material facts disclosed by the transcript in this case, stated in the order in which they occurred, follow:—

On the 22nd February, 1878, Crockett & Yancey commenced suit by attachment before a Justice of the Peace of Arkansas county, upon an account for $50. against Willis P. Bush, a non-resident. On the filing of the account, &c., an attachment was issued to a Constable, a warning order made, and Freeman & Johnson appointed attorneys *ad litem* for the non-resident defendant, Bush.

The Constable returned upon the attachment that he could find no personal property in the county belonging to defendant, and that he had levied upon the north half of the

south east quarter of section nineteen, Township four S. R. three W., as the property of Bush.

On the 29th of April, 1878, the day set for trial, publication of the warning order in the VINDICATOR, a newspaper published in Arkansas county, was proved, plaintiffs appeared by attorneys, and Freeman & Johnson, who had been appointed by the Justice, attorneys *ad litem* for defendant, and accepted the appointment, also appeared, and asked leave to enter a general denial of the account sued on, which was granted, and demanded a jury, which was ordered, and there was a trial, and verdict in favor of plaintiffs for $30. The Justice rendered judgment in favor of plaintiffs against defendant for $30 and costs, to be made out of the tract of land attached, and that a copy of the judgment be certified to the Clerk of the Circuit Court of Arkansas County, to the end that execution might be issued in the manner prescribed by law. Freeman & Johnson, attorneys *ad litem* for defendant, asked for an appeal from the judgment to the Circuit Court, which was granted on condition that the affidavit required by law should be filed.

On the 17th of June, 1878, Crockett & Yancy, the plaintiffs in the attachment suit, assigned the judgment to Arthur B. Crawford; and on the 21st of the same month, a certified transcript of the docket entries and judgment of the Justice of the Peace was filed in the office of the Clerk of the Circuit Court, (no appeal bond having been executed), and an abstract of the judgment entered by the Clerk in the judgment docket.

On the 29th of June, 1878, the Clerk issued to the Sheriff a special execution (without the execution of any bond of indemnity) commanding him to sell the tract of land attached. The Sheriff advertised and sold the land, and it was purchas by Arthur B. Crawford for $45, who obtained a certificate of purchase, and on the 13th of June, 1881, and after the time

of redemption expired, the Sheriff (the successor of the officer who made the sale) executed to Crawford a deed for the land, acknowledged before a Notary Public.

On the next day Crawford and wife, by deed of that date, conveyed the land to Edward Visant.

On the 27th of June, 1881, Edward Visant commenced this action of ejectment for the land, in the Circuit Court of Arkansas County, against George W. Toland, a tenant of Willis P. Bush, exhibiting as evidence of title the deed from the Sheriff to Crawford, and the deed from Crawford and wife to himself, and alleging that Bush was the owner in fee of the land when attached, and that defendant Toland held possession of the land as his tenant, &c.

Toland was served with process, and Bush, on the application of Wm. H. Halliburton, Esq'r., as his attorney, was made defendant; and an answer filed for him, denying the title of plaintiff, and setting up title in himself; and making exceptions to the Sheriff's deed exhibited and relied on by plaintiff, on the grounds:—

1. That the Justice of the Peace had no jurisdiction to condemn the land to sale, &c.

2. That the Justice had no jurisdiction after prayer and grant of appeal.

3. That no bond was filed by the plaintiffs in the attachment suit before the Clerk issued the execution to the Sheriff for the sale of the land, &c.

The Court overruled the exceptions, and on trial of the case before the Court sitting as a jury, the plaintiff was permitted to read the Sheriff's deed in evidence, against the objection of defendant.

Plaintiff also read in evidence, besides the deeds relied on by him, from the judgment docket of the Clerk, an abstract of the judgment of the Justice of the Peace entered therein by the Clerk; and admitted that no bond had been filed before the issuance of the execution thereon,

Bush v. Visart.

Defendant read in evidence a deed exhibited with his answer, showing his title to the land; and also a transcript of the proceedings and judgment before the Justice of the Peace in the attachment suit.

Declarations of law were made by the Court, to which defendant excepted, and other declarations were moved by him, some of which were refused, and he excepted; which will be noticed below.

The Court found for plaintiff, and rendered judgment in his favor for possession of the land; defendant moved for a new trial, which was refused, and he took a bill of exceptions, and appealed to this Court.

#### OPINION.

I. "A Justice of the Peace shall not have jurisdiction where a lien on land, or title or possession thereto is involved." *Constitution of* 1874, *Art. VII, sec.* 40.

<div style="float:right">1. Attachment of lands before J. P.</div>

The act of 23d January, 1875, (acts of 1874-5, p. 111) provides that when a Constable to whom an attachment is directed by a Justice of the Peace, can find no personal property of defendant, he shall levy the writ upon any lands, tenements, town lots, equity of redemption, &c., belonging to defendant, subject to execution, and make return, describing the property levied upon. *Sec.* 1.

Section 2d of the act provides that if plaintiff obtain judgment in the suit in which land, &c., has been attached, he may file a transcript of the proceedings and judgment of the Justice in the office of the Clerk of the Circuit Court, which, when entered on the judgment docket, shall have the same force and effect as a judgment rendered in the Circuit Court, upon which an order of sale may be issued by the clerk, directed to the Sheriff, under which the attached property may be sold, &c.

The act makes no provision for the Justice of the Peace

9

issuing the attachment, and rendering the judgment, to make any adjudication as to a lien upon, or the title to, or possession of the land attached. It provides for a convenient and safe mode of subjecting lands of non-resident debtors, &c., to satisfaction, by attachment, of debts within the jurisdiction of Justices of the Peace.

The act is not in conflict with the clause of the Constitution quoted above, or any other.

2. Appeal bond necessary to stay execution.

II. It appears that the attorneys ad litem appointed for appellant, Bush, by the Justice of the Peace in the attachment suit, asked for an appeal to the Circuit Court from the judgment of the Justice, which was granted on condition that the affiidavit required by law should be filed.

It does not appear that the affidavit was filed, but if it was, and if the attorneys *ad litem* could take an appeal for the non-resident defendant, without authority from him, yet no appeal bond was given, and hence no stay of execution, (*Gantt's Dig.*, sec. 3822, 96), and the plaintiffs in the attachment suit were not prevented by such grant of appeal from proceeding to execute the judgment by sale of the land in the mode provided by the act of January 23d, 1875; and the Court below correctly declared the law so to be.

3. Bond must be filed before sale of land.

III. The second section of the act of 23d January, 1875, provides that "no sale (of the land attached) shall be made until the plaintiff shall execute bond to the defendant in the manner now prescribed by law."

The bond so required to be given must be that provided for by *section* 4727, *Gantt's Dig.*, where the defendant has been constructively summoned, and has not appeared, and who is allowed the right to a re-trial at any time within five years after judgment, by section 4732.

The Court below declared the law of this case to be that it was not necessary for the plaintiffs in the attachment suit to execute bond to defendant, Bush, because he appeared by

Bush v. Visart.

the attorneys Freeman & Johnson, appointed for him by the Justice of the Peace, who entered a general denial of the account, and demanded a jury.

This Court has decided that an attorney *ad litem* appointed under *section* 4727 *Gantt's Digest*, for a defendant constructively summoned, cannot by virtue of such appointment enter the appearance of defendant so as to give the Court jurisdiction of his person. *Henry vs. Blackburn*, 32 *Ark.*, 445.

4. Attorney *ad litem* can not enter, defendants appearance.

It was not the duty of the attorneys *ad litem*, by virtue of their appointment by the Justice, to enter a general denial of the account, and demand a jury trial, and they could not thereby waive any legal right of defendant, without authority from him.

When a regular attorney, who is a licensed and sworn officer of a Court, and acting in the line of his profession, appears for a party, his authority to represent him will be presumed, until properly questioned. *Tally vs. Reynolds*, 1 *Ark.*, 99 ; *Cartwell vs. Menifee*, 2 *Ib.*, 356.

So here if the transcript of the proceedings before the Justice of the Peace, had merely shown that on the day fixed for trial, Freeman & Johnson appeared as attorneys for Bush, and entered a denial of the account sued on, and demanded a jury trial, their authority to represent him might be presumed. But the transcript shows that they were appointed attorneys for him by the Justice of the Peace, and that they accepted the appointment, and the presumption is that they acted by virtue of that appointment, in the absence of any showing or indication that they had authority from Bush.

*Section* 41, *Chapter* 17, *of Gould's Digest*, required a bond of indemnity to be executed to the defendant in attachment, before execution could issue, or his property be sold. In *Rust vs. Reives*, 24 *Ark.*, 359, the Court said it was unques-

tionably law, that no execution could be awarded, or property sold until such bond was executed. But as the Court had ordered an execution, it would be presumed that the law had been complied with.

Here there is no room for presumption, for on the trial of this case appellee admitted that no bond had been executed. The proceedings by attachment against the property of a non-resident is Statutory, out of the course of the common law, and must be strictly followed to make a valid sale of property. The language of the Statute in question is preemptory: "No sale shall be made until the plaintiff shall execute bond to the defendant," &c.

In this case the plain requirement of the Statute was disregarded, and we are not at liberty to treat it as merely directory, and hold the sale of the land attached to be valid.

Reversed, and remanded for a new trial.

5. Statute to be strictly followed.