## CRANE *v.* HIBBARD.

Opinion delivered March 18, 1899.

CONSTRUCTIVE SERVICE—FOREIGN CORPORATION—AFFIDAVIT.—To justify the issuance of a warning order against a foreign corporation, an affidavit is not sufficient which alleges merely that defendant is a foreign corporation, without stating that defendant has no agent in the state upon whom service of summons can be had. (Page 285.)

Appeal from Benton Circuit Court.

E. S. McDANIEL, Judge.

*E. P. Watson,* for appellant.

Admissions of the owner or his agent, as to character of title, etc., made during possession, are admissible in evidence. 1 Ph. Ev. 396, 390–1, 301; 1 Greenl. Ev. §§ 108–9, 189–191; 20 Ark. 597; Abb. Tr. Ev. 11, 12, 14, 286–7, 710–11, 158, note 5, 236, § 7; 49 Ark. 207; 5 Am. & Eng. Enc. Law, 367. The possession of appellant gave him a better right than appellee or any one not the true owner. Wells, Replevin, §§ 109–110, 113–15, 300; 47 Ark. 379; Freeman, Ex. § 175; Shinn, Attachment, § 452. Whether or not the justice's docket shows the appointment of the attorney *ad litem* and making of warning order, the papers in the case show it, and for that purpose they are both competent and sufficient. Black, Judg. §§ 124, 282; 94 Am. Dec. 742; 20 Am. & Eng Enc. Law, 476; 55 Ark. 281; 52 Ark. 281; 2 Allen, 443; S. C. 79 Am. Dec. 797; 47 Ark. 281; 52 Ark. 373; 51 N. Y. 381; Freeman, Judg. § 517. These facts may be shown when the docket is silent, if the judgment is collaterally attacked. 43 Ark. 230; 46 Ark. 153; 55 Ark. 284; 47 Ark. 131; 51 N. Y. 381. The jurisdiction appearing, the presumption is that it was rightfully waived. 47 Ark. 131; Black, Judg. §§ 267, 260; Wells, Jurisdiction, § 46.

*J. A. Rice,* for appellee.

It is sufficient if a defendant in replevin show title in a third person. Wells, Replevin, §§ 111, 112, 690–2–3; 20 Am.

& Eng. Enc. Law, 1054–6; 38 Mo. 160; 46 Mo. 65; 38 Ark. 413; 43 Ind. 432; 60 Ind. 214; 63 Cal. 163: 3 Am. & Eng, Enc. Law, 163.

BUNN, C. J. To state this case as briefly as possible, one Dr. Hiram Faucette was the owner and in possession of the mill machinery which is involved, and this property was in the Indian Territory when he died. After his death, his widow, Mrs. Phoebe Faucette, took possession for herself and the only child and heir at law of herself and deceased husband, Lydia Faucette, at the time a minor. At this juncture, one Broadus (sometimes called Berdeau), president of the Interstate Oil & Development Company (a corporation organized and doing business under the laws of the state of Kansas, having for its objects the prospecting for oil, gas and minerals and the development of the same when discovered), appeared on the scene. This machinery was of the kind suitable to his work, and he bargained for the same from Mrs. Faucette for the price of $350, for which he gave her his individual note, payable at a time therein named. This sale was a conditional sale, in which Mrs. Faucette reserved title in herself until the machinery should be paid for, and it was arranged at the time that Broadus should remove the same from the Indian Territory to the farm of the appellee, Hibbard, located in Hico township, Benton county, Arkansas, just north of Siloam Springs, and he collected up a portion of the machinery, and removed it to said farm, and placed it in some temporary buildings there erected, adding some other articles of machinery thereto. Some time afterwards the company became insolvent, and unable to operate its business, and abandoned said machinery, and the appellee claims to have taken possession and cared for it as the property of Mrs. Faucette and her child, it being situated on his farm.

It was then that the plaintiff, J. E. Crane, and A. F. Crane, who had been the assistant superintendant of the company, and Beck & Son, each having a claim against the company, brought their several suits against it for their several debts, and at the same time each sued out his writ of attachment, and caused the same to be levied on the property in question, alleging in their attachment affidavits that the defendant

"company was a foreign corporation and a non-resident of the State of Arkansas." The affidavit contained no prayer for, nor allusion to, a warning order. The writ was placed in the hands of the constable of the township, and the same was executed by him, and duly returned with the indorsement that he "had levied on the property mentioned in the writ as the property of the said Oil Company," by taking said property into his possession, and tacking a copy of the writ on the building inclosing said property, and that he (the constable) "further served this writ by having a warning order for thirty days, etc.—all done on the farm of Mart Hibbard," the appellee.

The warning order referred to appears to have been issued in the usual form by J. A. Petty, the justice of the peace of said township before whom said proceedings were had, on the 25th day of January, 1897, and on the back of the same was the affidavit as proof of publication, filed February 24, 1897; and the warning order appears to have been issued on the affidavit for the writ of attachment, which showed the corporate character and non-residence of the defendant as stated, and not otherwise; and it nowhere appears that said non-resident or foreign corporation was without an agent in this state upon whom service of writ of summons might have been had under the statute in such cases.

This is a suit in replevin, in which the plaintiff, J. E. Crane, claims title by purchase from one C. W. Dunlop, who was the purchaser at the sale ordered by the court in said attachment suits. The following appears from the minutes of the proceedings before the justice of the peace trying the attachments suits: "Now, at 1 o'clock (26th March, 1897), comes the plaintiff (J. E. Crane) in person, as well as by attorney, and answered 'Ready for trial.' G. W. McClelland appears to represent defendant, but, on motion and showing made by plaintiff, I found that he had no authority to represent the defendant, and made an order forbidding him from doing so. The defendant failing to appear, after hearing the evidence adduced by the plaintiff upon the merits, and affidavit for attachment, it is ordered and adjudged by the court that plaintiff recover of the defendant $300 and costs of this action, and that the attachment issued herein be sustained. And it is therefore or-

dered that the constable sell said property described in this judgment as attached in this case by him, and now in his hands, at the oil well and derrick on W. H. Hibbard's farm north of Siloam Springs, for cash in hand, first giving ten notices by advertisement of time, place and manner of said sale. When the sale shall have been made, he will pay over the proceeds thereof in satisfaction of the foregoing judgment and cost, and, if any excess remains, he will pay the same over to the defendants. T. G. Williams, attorney appointed by the court on behalf of defendants, filed his report on the 20th day of March, 1897, stating he had notified defendants at Topeka, Kas., of the pendency of this suit. By agreement of the parties (who these were does not appear, only the plaintiff being present) the same proceedings were had and some minutes made in the cases of A. F. Crane and of Beck & Son against the Oil Company, as in the above case of J. E. Crane. The constable sold the property, it appears, as directed, and C. W. Dunlop became the purchaser, and then assigned his certificate of purchase to J. E. Crane, the plaintiff here, and who was also plaintiff in one of the attachment suits.

It is unnecessary to follow the proceedings further, for this case goes off on a want of proper service upon the Oil Company, a foreign corporation. There is no specific affidavit for the warning order, but the same was issued on the statement of facts in the affidavit for attachment, to-wit: That "the defendant is a foreign corporation, and a non-resident of the state." This is not sufficient to justify the issuance of a warning order against a foreign corporation, for it should state in addition that defendant has no agent in this state upon whom service of summons can be had. See Sand. & H. Dig. § 5679. The judgments in the attachment suits were therefore nullities, being without notice to the defendant, and, of course, the sale was invalid. The plaintiff obtained no title thereby, and could not maintain this suit. The judgment of the circuit court was for the defendant, and the same is affirmed.