LESSER COTTON COMPANY *v.* YATES.

Opinion delivered June 15, 1901.

1.  FOREIGN CORPORATIONS—SERVICE OF PROCESS—REPEAL OF STATUTE.—
    Sand. & H. Dig., § 5672, providing that "where the defendant is
    a foreign corporation, having an agent in this state, the service
    may be upon such agent," is not repealed by § 1323, *ib.*, providing
    that, before any foreign corporation shall begin to carry on busi-
    ness in this state, it shall designate an agent upon whom process
    may be served, which service shall be sufficient to give jurisdiction
    to any of the courts of this state.   (Page 398.)

2.  SAME—SERVICE OF PROCESS ON AGENT.—Under Sand. & H. Dig., §
    5672, process against a foreign corporation may be served upon an
    agent of the corporation residing within the county of the venue
    where such agent was in control of the business of the corporation
    in the county, although the corporation had designated an agent
    residing elsewhere in the state upon whom process might be
    served.   (Page 399.)

Appeal from Sebastian Circuit Court.

STYLES T. ROWE, Judge.

### STATEMENT BY THE COURT.

This action was instituted in the court below by appellees
on an open account against appellant.   The complaint, after stat-
ing a cause of action against appellant on the account, alleges "that
the Lesser Cotton Company is a corporation duly incorporated
under the laws of the state of Missouri, and is doing business at
Fort Smith, in Sebastian county, Arkansas, and J. A. Skipwith
is its agent, and only agent, at Fort Smith, Ark."

Summons was issued, on the filing of the complaint, against
Lesser Cotton Company, and served upon J. A. Skipwith.   The
return of the sheriff on the summons is as follows:

"State of Arkansas, county of Sebastian.   I have this 9th
day of June, 1899, duly served the within by delivering a true
copy of the same to J. A. Skipwith, who is agent for the Lesser
Cotton Company, as therein commanded.

"Service ..................................... $ .50
"Mileage ..................................... .10

"Total ..................................... $ .60
[Signed]                    "GEO. T. HARRELL, *Sheriff*.
          "By ELIAS RECTOR, D. S."

On the first day of the said October term of the court, appellant, by its attorneys, after having obtained leave to appear specially for that purpose, moved the court to quash the service of the summons, because said service was not upon the defendant or upon any agent of defendant authorized by law as the person upon whom service may be had for the defendant. This motion was by the court overruled, and defendant excepted, and thereupon the court rendered judgment against appellant.

After judgment had been rendered, appellant at the same term filed a motion to vacate and set aside said judgment. The motion is as follows: "Comes the defendant, and moves the court to vacate and set aside the judgment rendered against it in this court because said defendant is a foreign corporation, organized under the laws of the state of Missouri, being a resident and citizen of said state of Missouri; that it is not a citizen or resident of the state of Arkansas, and that none of its officers reside in the state of Arkansas; and because the service of summons in this case was not made upon the defendant, or upon any agent of this defendant who was authorized by law to be served with summons in actions brought against said defendant." To support this motion defendant read in evidence the following agreed statement of facts. "It is agreed by and between the plaintiffs, Yates Bros., and the defendant, Lesser Cotton Company, that the Lesser Cotton Company is a corporation duly created and existing under and by virtue of the laws of the state of Missouri, and that the said Lesser Cotton Company has complied with the laws of the state of Arkansas requiring foreign corporations to appoint an agent in the state of Arkansas upon whom service of summons may be had; that said corporation, prior to the institution of this suit, appointed Geo. B. Rose, a citizen and resident of Pulaski county, state of Arkansas, as an agent upon whom process might be served, pursuant to the requirements of section 1323 of Sandels & Hill's Digest, and acts amendatory thereto, and that said Geo. B. Rose is the only person whom the said Lesser Cotton Company has designated upon whom service

might be had; and that the said Geo. B. Rose was at the institution of this suit, and still is, such agent; that the Lesser Cotton Company was during the times complained of in the complant, and up to and including the date of the institution of this suit, doing business in Fort Smith, Arkansas, and that it had J. A. Skipwith as its agent in charge of its business at Fort Smith, Arkansas, and that said J. A. Skipwith managed and controlled the Lesser Cotton Company's business at Fort Smith during the times the matters and things in the complaint complained of occurred, and at the time service of process was had upon it; that the said J. A. Skipwith had not been designated by the Lesser Cotton Company as an agent upon whom service of process might be had, within the meaning of section 1323 of Sandels & Hill's Digest."

This motion was by the court overruled, and defendant excepted, and took a bill of exceptions, which was signed and filed in apt time.

*Read & McDonough,* for appellant.

The act of March 18, 1899, provides the only method by which a foreign corporation in this state can be served with process. 59 Ark. 583; *id.* 593; 76 Mass. 164, 168; 6 Thompson, Corp. § 8021; 82 N. W. 663.

HUGHES, J:, (after stating the facts). We do not think that either the case of the *Southern Building & Loan Association* v. *Hallum,* 59 Ark. 583, or the case of *Union Guaranty & Trust Company* v. *Craddock, id:* 593, is decisive of the question in this case. In the former of these two cases, this court held that there could be no valid service upon a corporation out of the county where the suit was brought, except by serving an agent designated by the company to receive service under the statute, and that the evidence in that case did not show that the person served had been designated as such agent. In the Craddock case it is simply held, in substance, that section 4137 of Sandels & Hill's Digest provides the exclusive method for obtaining service upon a foreign insurance corporation doing business in this state. Neither of these cases hold directly or by necessary implication that section 5672 of Sandels & Hill's Digest was repealed by section 1323, Sandels & Hill's Digest (act of April 4, 1887). Section 5672 reads as follows: "When the defendant is a foreign corporation, having an agent in this state, the service may be upon such agent." Section 1323 is as follows: "Before any foreign corporation shall begin to carry on business in this state, it shall, by its certificate under the

hand of the president and seal of such company, filed in the office of the secretary of state, designate an agent, who shall be a citizen of this state, upon whom service of summons and other process may be made. Such certificate shall also state the principal place of business of such corporation in this state. Service upon such agent shall be sufficient to give jurisdiction over such corporation to any of the courts of this state."

It does not appear that this section (1323) is in conflict with section 5672, or that it repeals the same. It leaves it in force, as there seems to be no necessary conflict.

The supreme court of the United States, in the case of the *Henrietta Mining & Milling Company* v. *Johnson*, 173 U. S. 221, had before it a case involving the construction of substantially similar provisions of the statutes of the Territory of Arizona. A statute provided, in substance, that foreign corporations should file with the secretary of the territory and the county recorder in the county in which they do business the appointment of an agent upon whom process could be served. There was also a provision in the civil code of procedure that process against any incorporated company could be served upon certain designated officers, or upon the local agent representing such company in the county where the suit was brought. The service in the case was had upon the general manager of a foreign corporation in the county where it did business. There was also provision for constructive service. It was contended that no personal judgment could be rendered upon such service; that only service upon the designated agent was good in that case to warrant a personal judgment. The court said of these three sections which we have referred to: "We are of the opinion, however, that sections 348, 712 and 713, providing specially for service upon foreign corporations, were not intended to be exclusive, and were merely designed to secure a special mode of service in case the corporation had ceased to do business in the territory, or had no local or official agent appointed in pursuance of section 348. Not only is the language of section 348 permissive in the use of the words 'may be served' upon the agent appointed under the statute, but the general language of section 704, taken in connection with the general subject of the statute, 'Process and Returns,' indicates that no restriction was intended to domestic corporations; and that the words 'any incorporated company or joint stock association' are as applicable to foreign as to domestic companies." It will be noticed that one difficulty in that case is re-

moved in this, for our section 5672 expressly provides for foreign corporations. The court continues: "If, as contended by the plaintiff in error, the remedy against foreign corporations be confined to service of process upon such appointed agent, it results that, if the corporation does not choose to file such appointment, intended suitors are confined to the remedy by publication provided by section 712, which, under the decisions of this court, would be ineffectual to sustain a personal judgment." It is incredible that the legislature should have intended to limit its own citizens to such an insufficient remedy, when the corporation is actually doing business in the territory, and is represented there by a manager or local agent." Then the court called attention to the decision of this court in *Southern Building & Loan Association* v. *Hallum,* 59 Ark. 583, which had been pressed upon it as a decision to the contrary of this proposition. But the court placed upon this decision the construction which we have placed upon it in this opinion, showing that it was intended by this court to hold that service in one county upon an agent there for a suit brought in another county is not good service unless the agent be designated by the statute providing that service may be had upon such designated agent any where in the state. This decision commends itself to our judgment as sound, and, being approved, is decisive of the case at bar. We do not decide, however, that service upon any agent of a foreign corporation in this state would be good. That question is not raised by the record, and not decided herein. We mean and hold that where "the character of an agency of a foreign corporation is such as to render it fair, reasonable and just to imply an authority on the part of the agent to receive service, the law will, and ought to, draw such an inference and imply such authority, and service under such circumstances and upon an agent of that character is sufficient. *Conn. Mut. L. Ins. Co.* v. *Spratley,* 172 U. S. 602. Such was the character of the agent in this case upon whom service was had.

The plaintiff, the complaint alleged, "was doing business at Fort Smith, and J. A. Skipwith was its only agent." The court found this as a fact. The agreed statement of facts in the case shows that Skipwith managed and controlled appellant's business at Fort Smith during the time the matters complained of occurred. The service upon him as an agent who from his character as such agent was authorized to receive service was sufficient.

Judgment affirmed.