CASE 62.—ACTION BY THE BOERNER-MORRIS CANDY COM-
PANY AND OTHERS AGAINST FLINT SINGLE-
TARY AND OTHERS.—October 2.

## Singletary v. Boerner-Morris Candy Co., &c.

Appeal from Hickman Circuit Court.

R. J. Bugg, Circuit Judge.

From the judgment, defendant Singletary appeals
—Reversed.

1. Appeal and Error—Right to Appeal—Amount in Controversy.
—Several creditors filed a joint petition against their common
debtor and his transferees, asserting claims of less than $200
each. The court approved the claims, found that a transfer-

Singletary v. Boerner-Morris Candy Co., &c.

of stock was fraudulent, and directed that the stock be subjected to the extent of $1,000 to the payment of the claims. Held, that the amount involved, as affecting the transferees' right to appeal, was $1,000.

2. Same—Review—Scope.—The chancellor, in a suit by several creditors against a common debtor and his transferees, not having found that a particular transfer was fraudulent as to the creditors, that branch of the case is not presented on appeal by another transferee from a judgment subjecting property transferred to him to payment of the claims.

3. Pleading — Answer — Sufficiency of Denial.—Under the rule that a pleading must be construed most strongly against the pleader, creditors having alleged in a suit brought July 23d that their debtor transferred property April 27th, an answer denying that the transfer was made April 27th, or on any other date in April, did not put the date of the transfer in issue, as affected by the statute requiring suit to be brought within 90 days from that date, since under the answer, the transfer might have been made between May 1st and the bringing of suit.

4. Fraudulent Conveyances — Constructive Fraud — Creditors' Right to Recovery.—Where creditors base their right to recover solely upon Acts 1904, p. 72, c. 22, protecting them against certain constructive fraudulent conveyances, but providing that no jobber, etc., shall have any lien on goods not sold by him, they must by pleading and proof bring themselves within the statute; and plaintiff creditors, having failed to show that goods sold by them formed a part of the stock transferred by their debtor to defendant, cannot subject the stock to their claims.

5. Same.—In a suit to subject goods to the transferror's creditor's claims, it is improper to adjudge a sale for a sum exceeding the amount of the claims.

6. Appeal and Error—Review—Objections Not Raised Below.— No objection having been made in the trial court in a suit to subject goods to the transferror's creditors' claims to the court's jurisdiction, or to joinder of parties, and the transferror not appealing from the judgment, the Court of Appeals will not review such objections on the transferee's complaint.

J. H. SHELTON and R. L. SMITH for appellee.

We insist that this whole transaction of the defendants Boone & Son, Ringo, Hale and Singletary was from the beginning to the end fraudulent as against Boone's creditors, and that it was

understood and agreed by each of these defendants at the time, that they were for the purpose of covering and concealing the property that was sold by Boone & Son, and we further insist that the motion to dismiss heretofore filed should be sustained because the court has no jurisdiction to try same.

### AUTHORITIES CITED.

Acts 1904; Ky. Stat., 1966; Covington Bros. & Co. v Jordan, 100 S. W., 326; Huffman v. Leslie, 23 Ky. Law Rep., 1906.

BENNETT, ROBBINS & THOMAS for appellant.

To recapitulate, we contend for these points:

1. In actions under this statute, a lien is given to the manufacturer, wholesale merchant or jobber only on such goods or commodities as he has sold to the retail merchant.    Therefore, the right of each creditor constitutes a separate action against the property only which he has sold.

2. The plaintiffs utterly fail to allege in the petition that any part of the goods, fixtures or soda fountain, sold by B. A. Boone & Son to appellant, was sold to them by either of the plaintiffs.

3. It affirmatively appears that the said fountain was not sold by any of the plaintiffs.

4. The court had no jurisdiction of the subject of the action as to eight of the plaintiffs, their debts being less than $50.00 each.

5. There is a fatal misjoinder of causes of action.

6. More than three months elapsed after the consummation of the sale before the institution of this action.

OPINION OF THE COURT BY JUDGE LASSING—Reversing.

Appellee and 15 other firms, claiming to be creditors of the firm of B. A. Boone & Son, filed their joint petition in the Hickman circuit court against Boone & Son and Flint Singletary, J. M. Ringo, and J. T. Hile.    Eight of the plaintiffs were asserting claims of less than $50 each, while the remaining 8 plaintiffs' claims were each more than $50, but less than $800.    The petition, after asserting the claims in favor of each plaintiff, alleged that on the 27th

day of April, 1906, B. A. Boone & Son, without notice to the plaintiffs, sold their stock of goods in bulk to the defendant Flint Singletary, in violation of the provisions of an act of the Legislature which became a law March 8, 1904. They claim that under this law the sale was void as to them. They prayed judgment against Boone & Son for their debts, and asked that the stock of goods and merchandise, which they alleged to be worth $2,000, be subjected to the payment of their debts. The petition further alleged that Boone & Son had paid to J. M. Ringo the sum of $1,000 in satisfaction of an old debt, for the purpose of preferring him to the exclusion of other creditors, and that a note of $950 had been fraudulently assigned and transferred by Boone & Son to J. M. Ringo and J. T. Hile for a similar purpose; that this latter transaction, to wit, the payment of the $1,000 and the transfer of the $950 note, was in violation of the act of 1856, and fraudulent in law. They prayed that the transactions between Boone & Son and Ringo and Hile be declared preferential, and that they be required to pay any money which they had received from Boone & Son, within the six months next preceding the institution of their suit, into court for the benefit of all of the creditors of Boone & Son. The defendants Boone & Son answered, admitting the indebtedness to most of the plaintiffs as alleged, and pleaded, further, that the payment to J. M. Ringo of $1,000 was in satisfaction of a mortgage debt against the stock of goods which they sold to Flint Singletary; that this said mortgage had been made long before the purchase by them from the various plaintiffs, and was duly recorded. They further pleaded that the goods bought by them of the plaintiffs were not in the stock at the time of the sale to Flint Sin-

gletary, but had been sold in the usual course of business to the customers of Boone & Son before the sale to Flint Singletary. They denied that the payment of this mortgage debt was made for the purpose of defrauding any of their creditors, and especially the plaintiffs, or in contemplation of insolvency. They denied that any payment was made to J. T. Hile, and denied that the sale to Singletary was fraudulent or void, or in violation of the act of 1904.

In an amended petition the plaintiffs alleged that Boone & Son had transferred to J. M. Ringo a note, which they held against Flint Singletary and Don Singletary, as a part of the purchase price of said stock, for the purpose of cheating, delaying, and hindering them in the collection of their debts against Boone & Son. They asked that he be required to account to them and the creditors of Boone & Son for said $950 note. The allegations of this amended petition were denied by Boone & Son in an amended answer. In a reply the plaintiffs denied that the defendant Ringo had a mortgage upon any of the property which was sold by Boone & Son to Singletary. The defendant Singletary, it seems, was not represented by counsel, but appeared in court and filed his answer, in which he denied that he had purchased the stock of goods of Boone & Son on the 27th day of April, 1906, or at any other time in April of that year, and denied that he was responsible for the debts of Boone & Son, and asked to be dismissed. The depositions of Flint Singletary, Don Singletary, and J. M. Ringo were taken, and the case, on the pleadings and these depositions, was submitted for judgment. The court adjudged to the plaintiffs their respective claims against Boone & Son, found that the sale of the stock of goods, fixtures, etc., by Boone & Son to

Flint Singletary, in gross, was fraudulent as to the plaintiffs and other creditors, and directed that said stock of goods be subjected, to the extent of $1,000, to the payment of the claims of the creditors of Boone & Son. The stock of goods was ordered to be sold in satisfaction of the judgment. No relief was granted to the plaintiffs as against the defendants Hile and Ringo. From this judgment the defendant Singletary appeals.

The first question which presents itself is the right of appellant to prosecute this appeal. Each of the judgments in the lower court being for a sum less than $200, it is insisted for appellees that no right of appeal lies; and the case of Covington Bros. Co. v. Jordan is cited as authority. In that case several creditors, each having a claim for less than $200, instituted separate actions against the defendant Jordan, and garnisheed a fund in the hands of the railroad company, which they claimed was owing to him. There was no concerted action in that case on the part of the claimants. The defendant, Powell, intervened and claimed the fund in the hands of the railroad company, and upon final hearing he was adjudged to be the owner of it, and from that judg-ment each of the creditors appealed. So far as the appellants in that case were concerned, the amount in controversy was the value of their separate claims. Had the court decided against Powell, and adjudged that the fund which he was claiming was subject to the payment of the claims which were asserted against Covington Bros. Company, he would unques-tionably have had the right to appeal, for, so far as he was concerned, the amount in controversy was the sum total which he was claiming, and of which the court, by its judgment, was depriving him. We are

of opinion that this case is not controlled by the
authority cited by appellees, but that the amount in-
volved, so far as the appellant in this case is con-
cerned, is the sum for which the trial court ordered
appellant's property sold, to-wit, $1,000. Appellees
united in one action and sought a common relief
against appellant. They succeeded in having appel-
lant's property, to the extent of $1,000, subjected to
the satisfaction of their several claims. He owed
them individually nothing. Their claims were against
Boone & Son; but the court adjudged that to the ex-
tent of $1,000 his property was subject to the debts
of the creditors of Boone & Son. It would, indeed,
be a strange, not to say harsh, rule that would permit
appellee to recover in a joint action a judgment direct-
ing the sale of $1,000 worth of appellant's property,
and then deny to appellant the right of appeal because
each of the claims of appellees was less than $200.
Appellees are in no position to raise such a question.
However, we are of opinion that the amount in con-
troversy in this case, so far as appellant is concerned,
is the amount for the payment of which his property
was ordered to be sold.

We come next to the consideration of the main
question in the case, to-wit: Did the chancellor err
in subjecting the property of appellant to the satis-
faction of the debts of appellees? The proof taken in
the case bears chiefly upon those allegations of the
petition and its amendment which sought to have the
transactions between Boone & Son and Ringo declared
a fraudulent preference under the act of 1856; and,
the chancellor not having so found, that branch of
the litigation in the lower court is not now before us.
In the pleadings it is not charged that the sale and
transfer of the stock of goods of Boone & Son to

Singletary was an actual fraud, but that it was a constructive fraud by reason of the operation of the statute of 1904. For appellant it is insisted that the allegations of the petition, as amended, did not support the charge, for the twofold reason that the suit was not instituted within the 90 days from the date of the transfer, as the statute provides, and, second, that it is not alleged that the goods, which the appellees sold to Boone & Son, were at the time of the sale included in and a part of the stock of goods so sold.

As to the first contention, the petition alleges that the sale was made on April 27, 1906. That suit was filed on July 23, 1906, which would bring it within the statutory requirement. The answer filed by the defendant Singletary attempted to put the date of sale in issue, and denied that it was made on the 27th of April, or any other date in April. This, however, under the well-recognized rule that a pleading must be construed most strongly against the pleader, is not a sufficient answer; for under it the sale could have been made at any time within the months of May, June, or July, up to the date of the filing of the petition, which would have brought it clearly within the provisions of the statute.

The last clause of Acts 1904, p. 74, c. 22, is as follows: "Nothing contained in this act shall apply to sales made under any order of a court, or to any sales made by executors, assignees, administrators, receivers, or any public officer in his official capacity, or by any officer of a court: Provided, that nothing in this act shall be so construed as to give any manufacturer, wholesale merchant or jobber any right to or lien on any merchandise or article in any stock of goods, except goods sold and delivered by such manufacturer, wholesale merchant or jobber." Appellees'

right of recovery being based solely upon the pro-
visions of this statute, they must, by pleading and
proof, bring themselves within the provision of the
statute.· Russell v. Muldraugh's Hill, Campbellsville,
etc., Turnpike Co., 13 Bush 307; Smith v. Drew, 5
Mass. 516.

In the case at bar appellees neither alleged nor
proved that any part of the goods.which were sold by
them to Boone & Son constituted a part of the stock
of goods which Boone & Son sold in bulk to appellant;
whereas appellant in his deposition conclusively
shows that at least a part of the fixtures was pur-
chased by Boone & Son of parties other than appel-
lees.  The absence of such an allegation in the plead-
ing, and proof in support thereof, is fatal to appellees'
right of recovery, in so far as they sought to subject
the stock of goods to the satisfaction of their judg-
ment against Boone & Son.  The aggregate of appel-
lees' debts, for which they got judgment against
Boone & Son, is $728.54, and, if they were entitled to
a judgment for any sum, it should not have been in
excess of this amount; for certainly appellant's stock
of goods, if liable at all to be subjected to the claims
of appellees,. would not be liable beyond the amount
of those claims, and the court clearly erred in adjudg-
ing the sale thereof for a sum in excess of the sum
total of said claims.

Appellant also complains that the circuit court had
no jurisdiction over eight of the claims which were
set up in this suit and that there was a misjoinder
of parties.  No objection was made either to the
jurisdiction of the court or the misjoinder in the cir-
cuit court, and the defendants Boone & Son, who alone
could be affected by these questions, are not appeal-
ing; hence they are not passed upon.

The case is reversed, and remanded for a new trial, with the right given either party to file such additional pleadings, and take such proof, as they desire.