BROOKFIELD v. BOYNTON LAND & LUMBER COMPANY.

Opinion delivered February 12, 1917.

1.  JUDGMENTS—CONSTRUCTIVE SERVICE—PERSONAL JUDGMENT.—A personal judgment can not be taken upon constructive service.

2.  JUDGMENTS—SERVICE OF SUMMONS—FOREIGN CORPORATION—PERSONAL JUDGMENT.—When a foreign corporation has complied with the law of the State by appointing an agent upon whom summons may be served, or when it has a regular place of business within the State with employees in charge, in order to obtain a personal judg-

ment against the company, service must be had either on its designated agent or some employee at its place of business, and under these facts, service upon the Secretary of State will not be sufficient.

3.  JUDGMENTS—WANT OF SERVICE—MERITORIOUS DEFENSE.—A chancery court will not set aside a judgment at law for the want of service unless the judgment debtor has a meritorious defense to the cause of action.

Appeal from Cross Chancery Court; *E. D. Robertson*, Chancellor; affirmed.

*S. W. Ogan*, for appellants.

1.  The justice of the peace judgment is valid. Appellee appeared by attorney—they asked a continuance and this was an appearance. 35 Ark. 276; 90 *Id.* 316. The appeal was prayed too late.

2.  The requirements of the statute were complied with. Kirby's Digest, § § 4631-3. The sheriff's deed is evidence of the regularity of the sale. *Ib.,* § § 760-1.

3.  The statute was complied with. Kirby's Digest, § § 4631-3; the title passed and the sale was actually made. Brookfield conveyed to the trustee of Drury. Drury was not made a party. The decree should be reversed.

*Killough & Lines* and *Jones, Hocker, Sullivan & Angert,* of St. Louis, Mo., for appellee.

1.  The attachment was wrongfully sued out. Const., art. 12; Kirby's Dig., § § 828, etc.; Castle's Suppl., § 824-A, *et seq.;* Acts 1907 and 1911. It was never sustained by the justice.

2.  No personal judgment can be rendered on service by publication. Kirby's Digest, § § 6046, 825, 4558. The judgment was void.

3.  There never was an appearance and no proper service was had. The corporation had complied with the law and designated an agent upon whom service could be had. Its place of business was well known. 69 Ark. 396. The service on the Secretary of State was not sufficient, as the company had a designated agent and a regular place of business within the State.

HUMPHREYS, J.    Appellant, J. C. Brookfield, brought suit in a magistrate's court in Cross County, against appellee and obtained two judgments for $50 each, one dated the 23d day of November, 1909, and the other the 14th day of May, 1910.    When the suit was instituted, he obtained a writ of attachment which was levied upon eight hundred acres of wild land in Cross County belonging to appellee, and procured and published a warning order.    A personal judgment was rendered by the justice of the peace on constructive service and no order was made sustaining the attachment.    The judgment recites that the *defendant did not appear*.    There is some evidence tending to show that prior to the day of trial a Mr. Harris of the firm of Harris & Marshal, who had represented appellee in other matters, called on the justice of the peace and requested a continuance, and suggested that the proper way to get service on the company was to issue summons against O. C. Ludwig, Secretary of State.    The justice of the peace testified that Harris was present when the judgment was rendered.    There is nothing in the record showing that Harris had any connection with appellee or any authority to represent it in this case.

No further proceedings were had until the 27th day of April, 1910, when appellant, J. C. Brookfield, procured a summons and had it served on O. C. Ludwig, Secretary of State, as the agent of appellee.    This summons was served and on the return day thereof the appellee, Boynton Land & Lumber Co., *failing to appear*, a second judgment for $50 was entered.

Execution was issued on the judgments and returned by the sheriff, *nulla bona*.    A transcript of these judgments was procured and filed in the office of the circuit clerk of Cross County.    An execution was issued on one or the other of these judgments and levied on the northeast quarter of the northeast quarter of section 3, township 7 north, range 2 east, in Cross County, Arkansas.    Sale was had under the execution and subsequently a sheriff's deed was made to the purchaser, J. C. Brookfield, appellant herein.    Later, appellant

brought a suit and procured a confirmation of his title and then executed a deed of trust on said real estate to Chas. Drury, the other appellant in this cause. Appellee had no knowledge of the rendition of the judgments or of any of the proceedings thereunder.

Appellee then brought this suit against appellant, J. C. Brookfield, to cancel the two judgments obtained in the magistrate's court; to set aside the sale of its land under the execution; to cancel the sheriff's deed and the decree of confirmation. Chas. Drury, the other appellant herein, intervened and set up his deed of trust and asked that his interest in said land be preserved. The chancellor set aside the decree of confirmation; the sale and sheriff's deed, and permitted the judgments to stand. The cause is here on appeal and cross-appeal.

It may be well to say in order to prevent further complications that the two judgments rendered in the same suit were upon the same claim and have been treated by the chancellor and are now treated by this court as one judgment against appellee.

Appellee contends that the judgments in the magistrate's court are void because rendered without service on it. Appellants contend that if the service was insufficient, appellee entered its appearance through its attorney, Harris. There is not sufficient evidence in the record to warrant the finding that appellee entered its appearance by attorney or otherwise.

(1) It is unnecessary to cite authorities to the effect that a personal judgment can not be taken on constructive service. The judgment obtained on November 23, 1909, was upon constructive service and could not support an execution and sale of the real estate in question.

The judgment obtained on the 14th day of May, 1910, was upon a personal service on O. C. Ludwig, Secretary of State, as the authorized agent of appellee. Appellee had designated Walter Davis its agent upon whom service could be had in accordance with law. Its established place of business in Arkansas was at Boynton in Mississippi County.

(2) When a foreign corporation has complied with the law of the State by appointing an agent upon whom summons may be served, or when it has a regular place of business within the State with employees in charge, in order to obtain a personal judgment against the company, service must be had either on its designated agent or some employee at its place of business. *Lesser Cotton Co.* v. *Yates*, 69 Ark. 396.

Service on the Secretary of State did not warrant the entry of the second judgment, consequently the proceedings thereunder, of which appellee had no knowledge, were without authority in law and can not give validity to the execution sale, the sheriff's deed, decree of confirmation or the Drury deed of trust.

(3) Appellee does not claim it had a meritorious defense to the judgments obtained in the magistrate's court, and properly permitted the judgments to stand. A chancery court will not set aside a judgment at law for the want of service unless the judgment debtor has a meritorious defense to the cause of action. *Mo. & N. Ark. Ry. Co.* v. *Killebrew*, 96 Ark. 520.

The decree is affirmed.