J. H. HAMLEN & SON *v.* ALLEN.

4-2909

Opinion delivered March 13, 1933.

*Rose, Hemingway, Cantrell & Loughborough,* for petitioner.

*Sam T. Poe* and *Tom Poe,* for respondents.

HUMPHREYS, J. This is a petition filed in this court for a writ of prohibition against respondents to prevent them from proceeding in the trial of a suit in the circuit court of Grant County wherein respondent, T. H. Allen, is plaintiff, and petitioner is defendant, on the allegation that the warning order and summons issued in said cause were invalid and for that reason the writ of attachment issued on the complaint had nothing to support it.

The record tendered and undisputed is, in substance, as follows:

Respondent, T. H. Allen, brought suit against petitioner, J. H. Hamlen & Son, for $3,000 based upon contract in the circuit court of Grant County on July 15, 1932, by filing his complaint and an affidavit for attachment, alleging that petitioner was a foreign corporation and a nonresident and also an affidavit for a warning order containing the same allegation, but failed to allege that it had designated an agent in the State upon whom process could be served. At the same time, respondent caused the summons to be issued and delivered to his attorney. A writ of attachment was issued and levied upon the real estate belonging to said petitioner in said county. A warning order was issued and published as required by law. On August 15, 1932, the first day said court was in session after the complaint was filed, petitioner appeared specially and filed and presented its motion to quash the warning order on the ground that it did not contain an allegation that petitioner had not designated an agent in this State for service of process upon it. During the argument of the motion, petitioner was

advised that a summons had been issued upon the complaint, and was in the hands of the attorney for respondent, T. H. Allen. The summons had not then been served upon the agent appointed to receive service. At the conclusion of the argument, the presiding judge, T. E. Toler, who is the regular judge and who is the other respondent herein, passed the matter until October 16, 1932, for disposition. On August 16, 1932, the summons was served by the sheriff of Pulaski County within the confines of said county upon the duly appointed agent to receive service. Petitioner appeared specially and filed its motion to quash the summons because it was served after the return day thereof. The motion was presented to the court on October 10, 1932, whereupon the court made an order quashing the warning order, to which respondent T. H. Allen excepted, but overruled the motion to quash the service of the summons, to which petitioner saved its exception and requested a stay of thirty days in the proceeding in order that it might apply to this court for a writ of prohibition, which it has done.

The trial court correctly ruled that the attempted constructive service was void because the affidavit failed to state that petitioner had no agent in this State upon whom process might be served, when, as a matter of fact, it had appointed an agent in this State for that purpose. Section 1159 of Crawford & Moses' Digest makes such a requirement when an agent has been appointed as provided in § 1151 of Crawford & Moses' Digest. After the appointment of an agent in accordance with said § 1151, a foreign corporation can be proceeded against only by personal service upon the agent and not by constructive service upon it.

The trial court, however, was in error in ruling that the attempted personal service was valid, as the summons was not served before the return day thereof. It is true, as suggested by respondent, that according to the language of the summons, same was not returnable for 20 days after service, but § 1140 of Crawford & Moses' Digest requires that the summons shall be returnable to

the first day that the court shall be in session after twenty days after the date of the issuance thereof. The law, and not the language of the summons, must control. The first day the court was in session after the summons was issued was August 15, 1932, and the summons was not delivered to the officer and served until August 16, 1932, or one day after the summons was *functus officio*. The return of the officer shows that it was served August 15, 1932, but this was necessarily a clerical error, as the officer filed an affidavit that it was not received until August 16, 1932. Under § 4199 of Crawford & Moses' Digest, proof of the service of a summons may be made by affidavit.

Respondents also argue that, by requesting and obtaining time in which to apply to this court for a writ of prohibition, petitioner thereby entered a general appearance in the suit the same as if it had been properly served in the beginning. We think not. It could not appeal without entering its general appearance; hence a request for it to apply to this court for a writ of prohibition was its only remedy by which to test the jurisdiction of the trial court over its person. It was forced to request the time, else the suit would have proceeded, and, being forced to do this, it cannot be said that by doing so it entered its general appearance in the cause.

On account of the error indicated, a writ of prohibition is granted.