SINCLAIR REFINING COMPANY v. BOUNDS.

4-5451                                                         127 S. W. 2d 629.

Opinion delivered April 24, 1939.

---

150

*V. R. Tomlinson, C. R. Starbird* and *Warner & Warner,* for appellant.

*Partain & Agee,* for appellee.

HOLT, J. Appellee filed his complaint, in this action, in the Crawford circuit court on January 14, 1938, to recover damages in the sum of $3,000 alleged to have been caused by personal injuries sustained September 23, 1937, while employed by appellant and assisting in

installing an automobile car lift at a filling station at Alma, Arkansas.

Thereafter summons was issued and served personally upon two purported agents of appellant in Crawford county, but this service and summons were quashed upon appellant's motion filed March 7, 1938, and sustained by the court on March 29, 1938. Appellee does not question the correctness of the trial court's action in quashing this service and summons, but relies on constructive service alleged to have been had upon appellant by warning order, as will be hereinafter referred to in this opinion.

On February 16, 1938, appellee filed an affidavit and bond for attachment in the cause. The affidavit, omitting formal parts, is as follows: "Comes the plaintiff, Russell Bounds, and states upon oath that the claim upon which this action is founded is for damages due upon tort as is shown by the complaint filed herein; that such statements are true and correct; that said claims and demands are just; that he should recover the amount alleged in his complaint; that the said Sinclair Refining Company is a non-resident of the state of Arkansas and is a foreign corporation. Russell Bounds, plaintiff. By Theron Agee, one of his attorneys." Writ of attachment was issued and levied on the same date on certain property alleged to be owned by appellant and situated in Crawford county, Arkansas.

On February 16, 1938, appellee filed affidavit for warning order which states: "Theron Agee, on oath states that he is one of the attorneys for the plaintiff, Russell Bounds, and as such makes this affidavit for said plaintiff, as well as his agent, and states that he has made diligent inquiry and it is his information and belief that the defendant, Sinclair Refining Company, is a non-resident of the state of Arkansas, and that it is a foreign corporation, being incorporated in the state of Maine; that its office and last known address was and is Fair Building, 307 West Seventh Street, Fort Worth, Texas, and its principal business office 603 Fifth Avenue, New York, N. Y. This the 16th day of February, 1938. Theron Agee."

Warning order was duly issued by the circuit clerk on February 16, 1938, and an attorney appointed for the alleged non-resident defendant (appellant here).

On March 14, 1938, the non-resident attorney filed his report, and on March 29, thereafter, appellee filed proof of publication of said warning order.

Prior thereto, on March 7, 1938, appellant (defendant below) appeared specially for the purpose of a motion only, filed its motion to quash the purported personal service, on the grounds that it was not issued, served and returned as provided by law; that appellant is a corporation organized and existing under the laws of the state of Maine, and authorized to do business within the state of Arkansas, and doing business therein; that said appellant, on the date of the commencement of said action and purported service of summons, or prior thereto, or at the present time, has not kept or maintained in Crawford county a branch office or other place of business, and has never had an officer or agent upon whom service could be had in said county; that said W. H. Bryant and Ruth Taylor, upon whom purported service of summons is claimed to have been made, were not on such dates nor at the time the complaint was filed, nor before nor since said date have been, an agent of appellant in charge of its business in said county; that appellant had no agent in said county, nor place of business or branch office therein; that the said Bryant and Taylor were each respectively engaged in their private business, and operating same exclusively as owner and not as agent, or officer of appellant, in charge of its branch office or place of business. Appellant's motion to quash summons and service was sustained on March 29, 1938, as indicated *supra*.

On March 25, 1938, appellant filed its verified motion to quash the writ of attachment and, among other things, stated in said motion: "Comes now the defendant, and without waiving its motion to quash summons and service herein, and appearing specially and for the purpose of this motion only, and having first obtained leave of court to appear specially and for the purpose of this

motion only, and without entering its appearance herein, and moves the court to quash, set aside and hold for naught the purported writ of attachment issued herein, and for grounds thereof, states: That said writ of attachment and the affidavit for same filed by plaintiff and his attorneys herein, were not made and issued in conformity to the statutes and laws of the state of Arkansas in such case made and provided, and are wholly insufficient to support any attachment herein.''

On the same day, March 25, 1938, appellant also filed its verified motion to quash warning order issued in said cause, which contains the following allegations: ''Comes now the defendant, and, without waiving its motion to quash summons and service and motion to quash attachment, and appearing specially and for the purpose of this motion only, and having first obtained leave of court to appear specially and for the purpose of this motion only and without entering its appearance herein, moves the court to quash, set aside and hold for naught the warning order issued herein against defendant, and for grounds thereof states: That said warning order was not issued in the manner and form and upon the grounds provided by law, and is wholly insufficient to confer jurisdiction of defendant upon this court.''

On March 29, 1938, appellant's motion to quash writ of attachment and its motion to quash said warning order were each overruled by the trial court, but, as stated, *supra,* the court sustained appellant's motion to quash the summons and the purported service thereon.

Thereafter on March 29, 1938, appellant filed its answer setting out, among other things, the following: ''. . . without waiving its motion to quash the attachment filed by it herein, but insisting upon same, and also without waiving its motion to quash the warning order filed herein, but insisting upon the same, and being compelled to answer herein over its objections,'' and denied all the material allegations contained in the complaint, and set up other affirmative defenses.

The cause was first tried to a jury on March 31, 1938, and upon a mistrial resulting, it was again tried

on July 6, 1938, and before the introduction of any evidence, appellant again objected to being forced to trial and renewed its motions to quash the attachment and warning order, all of which were overruled by the trial court. The trial resulted in a judgment in favor of appellee in the sum of $2,000. From this judgment comes this appeal.

The undisputed facts in this record show that appellant is now, and has been for several years prior to this suit, a corporation organized under the laws of the state of Maine, but duly licensed to do business, and is doing business, in this state with a designated agent, John W. Newman, in the city of Little Rock. There were no agents for service in Crawford county. For the purposes of personal or constructive service, appellant is in the same position as any domestic corporation in Arkansas.

As stated above, appellee does not rely on personal service on appellant, but does rely on constructive service by warning order and also contends that appellant, though not personally served, entered its appearance in the cause, voluntarily, and that the court below was justified in rendering personal judgment against appellant, on the jury's verdict. To these views we cannot agree for reasons hereafter shown.

Appellant contends that there was no personal service on it, and, therefore, that the trial court erred in awarding a personal judgment against it. We think appellant clearly correct in this contention.

Pope's Digest, § 8226, provides: "No personal judgment shall be rendered against a defendant constructively summoned, or summoned out of this state, as provided in § 1374, and who has not appeared in the action." The rule is well settled by the above section that a personal judgment cannot be rendered against a foreign corporation, such as appellant in this case, when no personal service of summons has been had upon its designated agent or its authorized agent at a branch office or other place of business in the state.

In *Brookfield v. Boynton L. & L. Co.*, 127 Ark. 306, 310, 192 S. W. 215, a case in point, this court said: "When

a foreign corporation has complied with the law of the state by appointing an agent upon whom summons may be served, or when it has a regular place of business within the state with employees in charge, in order to obtain a personal judgment against the company, service must be had either on its designated agent or some employee at its place of business. *Lesser Cotton Co.* v. *Yates,* 69 Ark. 396, 63 S. W. 997.''

At no time during all of the proceedings in the court below did appellant enter its appearance in the cause, but appeared in each instance under protest, specifically reserving all of its rights in its motions to quash the attachment, warning order and finally in its answer.

We do not think appellee's contention that appellant entered its general appearance by requesting a physical examination of appellee, by Dr. Foster, can be sustained. Appellant's motions to quash service of summons, attachment and warning order had already been filed before appellant's examination of appellee. The request for the examination was not made to the court and, therefore, no affirmative action from the court was invoked. In 6 C. J. S., § 13, p. 42, this well-settled rule is stated as follows: ''Any act of the defendant which recognizes the case as in court constitutes a general appearance, but, if any act does not do this or seeks to invoke affirmative action from the court it is not an appearance. . . . On the other hand, although an act of defendant may have some relation to the cause, it does not constitute a general appearance, if it in no way recognizes that the cause is properly pending or that the court has jurisdiction, and no affirmative action is sought from the court.''

In *Robinson* v. *Bossinger,* 195 Ark. 445, 112 S. W. 637, this court said: ''The defendants had the right, during the progress of the cause to a trial, to take such action as was advantageous and proper to protect the interests of their clients, and we do not think a mere agreement as to the date upon which the trial should be had can be held to be asking such affirmative relief as constituted a waiver to the objections previously and

properly saved to the refusal of the court to quash the service." And in *J. H. Hamlen & Son* v. *Allen,* 186 Ark. 1104, 57 S. W. 2d 1046, this court held, quoting syllabus: "Where a foreign corporation appeared specially for the purpose of objecting to service of process, it did not enter a general appearance by requesting and obtaining time to apply to the Supreme Court for a writ of prohibition."

We are, also, of the opinion that the court erred in overruling appellant's motion to quash the writ of attachment. Appellee, after failing to obtain personal service upon appellant, filed his affidavit and bond for attachment. This affidavit has been set out above and need not be repeated here. The only grounds for an attachment in an action for tort is § 532 of Pope's Digest, which reads as follows: "In actions for torts committed in this state, or to recover statutory penalties, a writ of attachment may be issued against the property of a defendant who is a non-resident of the state *and cannot be served in person with process in the action within the state,* in the same manner as in actions *ex contractu.* Before the clerk shall issue a writ of attachment in such an action, the plaintiff shall make an affidavit and execute a bond in the same manner as provided by law in other cases of attachment."

We think it the settled rule of law that when a statute provides for attachment it must be strictly followed. As this court said in *Bush* v. *Visant,* 40 Ark. 124, 132: "The proceedings by attachment against the property of a non-resident is statutory, out of the course of the common law, and must be strictly followed to make a valid sale of property."

The only provision in § 532 of Pope's Digest in a tort action is against "a defendant who is a non-resident of the state and cannot be served in person with process in the action within the state." It follows, therefore, that before an attachment can be obtained in a tort action the defendant must not only be a non-resident of the state but also *such a non-resident as cannot be served in person with process in the action within the state.* Appellant is

a foreign corporation doing business in this state, and authorized to do business here. It owns property in the state and has an agent here upon whom service could be had, and in all essential respects is a domestic corporation in so far as transacting business in this state is concerned.

This court said in *Yockey* v. *St. L.-S. F. Ry. Co.*, 183 Ark. 601, 37 S. W. 2d 694, that: "The defendant owns and operates a line of railroad in this state, and has voluntarily placed agents here in the conduct of its business who are authorized to receive service of summons under our statute. It has become in all essential respects a domestic corporation, in so far as transacting business in this state is concerned."

It will be observed that the affidavit of appellee, quoted *supra,* upon which attachment was issued, failed to state that appellant is a non-resident of the state *"and cannot be served in person with process in the action within the state."* We think that the affidavit for the attachment in question was fatally defective and that any attachment secured thereon is void.

In *Sannoner* v. *Jacobson,* 47 Ark. 31, 45, 14 S. W. 2d 458, this court said: "It has been frequently held that the omission of any statutory prerequisite in suing out an attachment renders the process void, and subjects the judgment that follows. it to a successful collateral attack."

We are, also, of the opinion that the trial court erred in overruling appellant's motion to quash the warning order. The affidavit for the warning order in question, and on which it was based, has been set out above and need not be again repeated. We think this affidavit invalid and insufficient and the warning order issued thereon without legal effect and void. The conditions for obtaining constructive service of process are provided in § 1380 of Pope's Digest (§ 1159 of Crawford & Moses' Digest) as follows: "Where it appears by the affidavit of the plaintiff, filed in the clerk's office at or after the commencement of the action, that he had made diligent inquiry, and that it is his information and belief that the

defendant is: First. *A foreign corporation, having no agent in this state.*" It will be observed that appellee's affidavit failed to contain the required allegation that appellant is "*a foreign corporation having no agent in this state.*" Appellant did have a designated agent, John W. Newman, at Little Rock. It, therefore, could be proceeded against only by personal service upon its designated agent or some other agent in the state acting for appellant, and not by constructive service.

We think the rule is properly stated in *J. H. Hamlen & Son* v. *Allen, supra.* There it is said: "The trial court correctly ruled that the attempted constructive service was void because the affidavit failed to state that petitioner had no agent in this state upon whom process might be served, when, as a matter of fact, it had appointed an agent in this state for that purpose. Section 1159 of Crawford & Moses' Digest makes such a requirement when an agent has been appointed as provided in § 1151 of Crawford & Moses' Digest. After the appointment of an agent in accordance with said § 1151, a foreign corporation can be proceeded against only by personal service upon the agent and not by constructive service upon it." See, also, *Crane* v. *Hibbard*, 66 Ark. 282, 50 S. W. 503.

On this whole record, therefore, we conclude that the trial court erred in refusing to quash the attachment and warning order, in rendering personal judgment against appellant, and in refusing to hold that there was no valid service had upon appellant, and accordingly the judgment is reversed, and the cause remanded.