## YORK, Appellant, v. STIGALL.

### Division One, May 29, 1907.

1. **MOTION FOR NEW TRIAL: Untimely Filing: False Record.** The trial court has power, at a subsequent term, to correct a false recital in the record which states that a motion for new trial was filed on the day the verdict was rendered and during the same term, and continued, when in fact no such motion was filed until the next term, and to then strike such motion from the files.

2. ———: ———: ———: **Verity.** A court record imparts absolute verity and is not, therefore, subject to collateral attack. And generally the court's power to amend or correct its record is limited to the term at which the proceedings to be affected were had (except by *nunc pro tunc* entries based on official data), but that relates to a record entry of a matter disposed of at that term; if it recites that the motion for a new trial was presented and carried over to the next term by an order of continuance, the reason for limiting the exercise of the court's power to correct its record to the term, has no application, and at the next term on a showing that no such motion was filed

and no such order made, the motion may be stricken from the files, and the Supreme Court on appeal will not be bound by the false record entry.

Appeal from DeKalb Circuit Court.—*Hon. A. D. Burnes*, Judge.

AFFIRMED.

*L. F. Henry, John A. Cross* and *K. B. Randolph* for appellant.

It is well settled in this State that matters outside of the record, and even the bill of exceptions, cannot be used to contradict the record. The record in this case shows that on the same day that the verdict was returned by the jury, the plaintiff filed motion for a new trial, and also that the plaintiff filed motion in arrest of judgment. Young v. Downey, 150 Mo. 317. After the motion for a new trial was overruled, the sustaining of the motion to strike it out could have no effect so far as the rights of this appellant are concerned. There is no recital which can be made in the bill of exceptions, or anywhere else, which will take the place of the record, or which will be heard to contradict the record. The filing of the motion for a new trial must appear from the record, and cannot be proven by the recitals of the bill of exceptions. Cummings v. Eiler, 121 Mo. App. 576; St. Charles ex rel. v. Deemar, 174 Mo. 122; Williams v. Harris, 110 Mo. App. 538; Kampf v. Railroad, 102 Mo. App. 314; Hill v. Combs, 92 Mo. App. 247; Gilmore v. Hart, 92 Mo. App. 388; Hughes v. Henderson, 95 Mo. App. 312.

*W. H. Haynes* and *W. M. Fitch* for respondent.

VALLIANT, P. J.—Plaintiff sues for damages for an alleged libel. The cause was tried at the October term, 1903, of the DeKalb Circuit Court. There was

a verdict for the defendant and judgment accordingly; the plaintiff appealed.

At the threshold of the case the defendant raises the point that there was no motion for a new trial filed within the time allowed by law, and therefore the action of the court in overruling the motion is not here for review.

The verdict was rendered and the judgment entered October 21, 1903, and in the plaintiff's abstract of the record is the statement that the record of the court shows that during that term and on the same day in which the verdict was rendered the plaintiff filed a motion for a new trial and also a motion in arrest of judgment; and that thereupon the cause was continued. At the next term, February, 1904, the defendant filed a motion to strike the motion for a new trial from the files for the reason that it was not filed within the four days allowed by law, or even within the term within which the verdict was rendered, and not until the first day of the February term. Thereupon an order was made and entered on the record of the court continuing the motion for a new trial and the motion to strike it out until the next term. At the next term, May, 1904, those motions came on to be considered by the court, whereupon the court overruled the motion for a new trial for the reason, as stated in the order of the court, that it was not filed in time, and sustained the motion to strike out the motion for a new trial for the same reason. The only motion for a new trial contained among the files was one bearing the filing indorsement of the clerk in these words: "Filed Feb. 1, 1904, 8:30 A. M. A. J. Mc-Coy, Clerk Circuit Court."

In the bill of exceptions it is said that at the February term the motion to strike out came on to be heard and evidence was adduced to show that the motion for a new trial was not filed until February 1, 1904, and

after hearing the evidence the court took the motion under advisement and continued the cause to the May term with the result as above stated. In the bill of exceptions it is also said that the motion for a new trial and the motion in arrest of judgment were not filed on the day on which the record of the court says they were filed.

Appellant contends that the record entry saying that the motions were filed on October 21, 1903, is conclusive and cannot be contradicted by any statement in the bill of exceptions or by evidence outside the record. Since appellant states in his own bill of exceptions that the motion for a new trial was not filed at the date the entry on the court record says it was filed, he is forced to take the position that admitting the entry to be false it is nevertheless to be taken as true and indisputable.

A court record imports absolute verity; therefore, its truth is not subject to collateral attack. But because it is held to be true it is most important that the power that makes it should be sure that it is true. That power is the court itself. As a general rule the court has control of and is responsible for its own records to see that they record the truth, to amend them when they are defective and correct them when they are wrong. But whilst there is no limitation on the power there is a limitation on the time or the period in which the power of the court to amend or correct its record can be exercised. Such limitation is necessary for the integrity of the record, because, if a record is open always for any amendment or correction the court having charge of it should see fit at any future time to make, no reliance on its stability could be placed. The general rule therefore is that the court's power to reform, amend or correct its record is limited to the term in which the proceeding to be affected is had; but when the term ends the power can be exercised only within

prescribed lines. If during the term a judgment is rendered which is not entered on the record, or is incorrectly entered, the court has no power at a subsequent term to cause the judgment to be entered, or corrected, unless there is some official datum made or existing at the time the judgment should have been entered by which a *nunc pro tunc* judgment can be safely framed. [Gibson v. Chouteau's Heirs, 45 Mo. 171; Saxton v. Smith, 50 Mo. 490; Priest v. McMaster, 52 Mo. 60; Robertson v. Neal, 60 Mo. 579; Belkin v. Rhodes, 76 Mo. 643.] But when we say that the court's absolute power to reform, amend or correct its record is limited in its exercise to the term in which the proceedings to be affected were had, we must be understood as referring to the record entry of a matter disposed of at that term. For example, if the record in this case had shown that at the October term the plaintiff's motion for a new trial was considered by the court and overruled, the court could not at the next term, on a suggestion that no such order had been made, correct the alleged error unless there was something in the record of sufficient official authority to justify a *nunc pro tunc* entry. But if the record shows that the matter was not disposed of, if it shows that it was merely presented to the court and then carried over to the next term by an order of continuance, the reason for limiting the exercise of the court's power in correcting its record to the term, has no application; in such case the motion and everything that affects it, everything that is necessary for the court to know or understand in order to pass judgment, is carried over and is as fully within the scope of the court's authority as it was at the initial term.

There is good reason for the rule that the record of a judgment, or of an order disposing of a matter in a cause, duly entered as the act of the court at that term, should not be open for dispute at a subsequent

term, but there is no reason why a mere entry purporting to record the fact that a motion was filed which was not then considered but was continued to the next term should come under the same rule. It would be an unreasonable restriction on the jurisdiction of the court to hold that it was powerless to correct a false entry of this kind when the motion to which it referred was still undisposed of and the false statement related a fact material to a correct decision on the motion.

We hold that the trial court had authority to set aside the false entry and to strike from the files the motion for a new trial in this case, and there was no error in doing so.

With the motion for a new trial out of the record there is no bill of exceptions to be considered and since there is no assignment of error as on the face of the record proper we find no error in the case.

The judgment is affirmed. *Graves* and *Woodson, JJ.,* concur; *Lamm, J., dubitante.*