### KUNZELMANN v DUVAL

Ohio Appeals, 1st Dist, Hamilton Co

No 5551. Decided Feb. 6, 1939

Charles F. Hornberger and Harry R. Weber, Cincinnati, for appellant.

Yarwood & Hoy, Cincinnati, for appellee.

## OPINION

By MATTHEWS, J.

This is a partition action, on appeal on law and fact from the court of common pleas of Hamilton county, it was heard de novo in this court.

The right of the plaintiff to partition is contested, on the ground that he is not a co-tenant. It is admitted that he was the owner of an undivided one-fourth of the title prior to the year 1917, but the claim is that in a certain partition proceeding instituted in that year in the common pleas court by a co-tenant against him, the property was sold and he entirely divested of all title.

That there was such a prior partition action, in which the plaintiff herein was a party defendant, and that a sale therein was made, is admitted, but the claim is that the sale passed no title because the service upon the plaintiff, who was a minor at the time, was insufficient to confer any jurisdiction upon the court. It is necessary, therefore, to examine the evidence bearing upon the jurisdiction of the court over the person of the defendant in that action.

At that time, Jacob C. Kunzelmann, the plaintiff's father, was acting as the guardian of his person and estate under appointment of the Probate Court of Cook county, Illinois, where the plaintiff resided. As such guardian, Jacob C. Kunzelmann filed an answer in which, on behalf of his ward, he admitted the allegations of the petition and joined in the prayer of the petition. At the same time he filed a certified copy of his appointment as guardian. Thereafter, on May 26th, 1917, the court entered a decree in partition, in which it recited that the cause came on to be heard upon the petition and answers of numerous defendants, and among others that of "Charles Jacob Kunzelmann, minor defendant, by Jacob Charles Kunzelmann, duly appointed guardian, by the Probate Court of Cook county, Illinois"; and the court found "that all the defendants have had due legal notice of the pendency and demand of the petition, have all waived the issue and service of process, voluntarily entered their appearance in this action, have admitted all the allegations of the petition and joined in the prayer thereof."

The property, not being susceptible of partition without manifest injury and none of the cotenants electing to take, orders of sale were entered in the year 1918, under which the property which is the subject-matter of this action was sold and a sheriff's deed delivered.

This prior partition action sought partition of other property and remained pending after this sale as to such property, and if the sales already made were void, it remained pending as to all the property. After these sales,

there was caused to be issued in it a summons directing the sheriff to serve the plaintiff in the present action and his guardian. The sheriff appointed a deputy in Cook county, Illinois, to make this service and make return thereof on or before August 23rd, 1920. This deputy made a return under oath showing that he delivered a true copy of the writ to the ward and his guardian each personally on August 24th, 1920.

Later, a guardian ad litem was appointed and he filed an answer on behalf of the plaintiff herein. Then the guardian ad litem filed a motion to set aside the decree in partition and all subsequent proceedings including the sales, on the ground that the court had no acquired jurisdiction over the plaintiff herein at the time said proceedings took place. The court overruled that motion on the ground that under §12044, GC, a guardian was authorized to waive service of summons and enter appearance on behalf of a minor in a partition action, and that the proceedings were regular and in accordance with law. No review was sought of the action of the court in overruling this motion.

It is manifest from this recital that the plaintiff and those legally representing him at the time had actual knowledge of the pendency of the partition action, and in fact participated in it. The question is whether, notwithstanding this actual knowledge and participation, the entire proceedings were void because of failure to bring that knowledge to them in such a way as to constitute legal notice. If such proceedings were voidable and not void, they effectually transferred the plaintiff's title.

Now we hold that the plaintiff is precluded by the prior partition proceedings from maintaining this action for the following reasons:

(1) By §10507-58, GC, foreign wards and foreign guardians are given the same right and power to maintain actions in this state as domestic wards and domestic guardians, with the qualification that security for costs may be required, as of other non-resident litigants. §10955, GC, as it was when this prior partition action was pending was limited to minors residing in another state and guardians of such minors, but that broadening of the scope of the law by §10507-58 GC, is not material here, except to emphasize the fact that a guardian of a minor appointed by the court of another state where the minor resided was not required by the Ohio law to take any proceeding in the Probate Court of this state in order to maintain an action in another court of this state. **Pennsylvania Co. v Raub, 11 C. C. (n. s.) 157, affirmed in 79 Oh St 454.**

Guardians are authorized by §12044, GC to do and perform any act, matter or thing respecting the partition of an estate which the ward could do, were he of full age and of sound mind. There is nothing in this section that limits its application to guardians appointed by Ohio Probate Courts, or that would exclude partition actions from the operation of the general provisions of §10507-58, GC, or the former §10955.

By virtue of these sections, the guardian appointed by the Probate Court of Cook county, Illinois, was fully authorized to prosecute a partition action in the court of common pleas of this state, either as a plaintiff or as a cross-petitioner, as in this case. He was fully authorized to plead on behalf of his minor ward, and by so doing entered the appearance of both in the action, and thereby conferred jurisdiction upon the court over their persons. There was no irregularity in the court's assumption of that jurisdiction.

(2) We also conclude that had the plaintiff not been bound by the sale at the time it was made, he is estopped by the subsequent proceedings from asserting its invalidity. By such subsequent proceedings, the question of the jurisdiction of the court was placed in issue, and decided adversely to plaintiff. No direct proceeding to reverse or va-

cate that decision was prosecuted. This is a collateral attack upon it. The attack is sought to be supported on the claim that the process was void that was served upon the plaintiff after the sale and before this issue of its validity was raised. The defect relied upon is that the return shows that the writ was served the day after it should have been returned according to the terms of the writ. Does this render the service void?

In Meisse v McCoy's Admr., 17 Oh St 225, the court held:

"The service of a summons on the return day is not void, but only voidable, and if such service is, on motion of the defendant, set aside, the plaintiff may, under section 23 of the code, within the time therein limited, bring his action anew, notwithstanding the time allowed for commencing the action may have expired between the time of instituting proceedings and the time of setting aside the service."

At that time the statute required the service to be made "before the return day". At page 230, the court said:

"We regard the defect in the service as an irregularity, which is defined to be: 'The want of adherence to some prescribed rule or mode of proceeding, consisting either in omitting to do something that is necessary for the due and orderly conducting of a suit, or doing it in an unseasonable time, or improper manner.' 1 Tidd's Pr (side) 512; Burrell's Law Dic.

"That defects in the service of process are regarded as irregularities is apparent from what is said in Tidd, on (side) pages 161, 552, 514. On the page last named, it is said: 'In the king's bench, it is a rule to refuse motions to set aside process for irregularity even though no new step has been taken in the cause, unless the defendant made his application in a reasonable time. But in the common pleas court a defendant may move to set it aside at any time be-

fore a new step is taken in the cause.' And on page 161: 'Where the irregularity complained of is not in the process, but in the notice to appear thereto, or in the service of it, the rule should be to set aside such service, and not the process itself.' See also Whale v Fuller, 1 H. Bla. 222; Osborne v Taylor, 1 Chitty, 400; Young v Wilson, 5 Taunt, 664."

This case has been cited with approval upon this point in subsequent cases and the rule has never been criticized. 32 O. Jur. 398.

In 1 Freeman on Judgments (5th ed.) 697, the author says:

"In every case of irregularity in the service of process the vital point to be determined is: Was the defendant in fact served? The manner of service, though in some respects informal, would seldom mislead the party and rob the process of its quality as notice of the proceedings. The courts are not disposed to listen to complaints based on mere defects in the execution of process coming from a defendant who cannot show that the process did not reach him. Having actually been served he cannot, upon the ground of mere defective service, defeat the judgment when it is invoked against him in another suit. As instances of irregularities in the service of process not fatal to jurisdiction and in consequence not sufficient to prevail against the judgment may be cited cases * * * served after the return day, it appearing that the defendant had ample opportunity to answer."

For these reasons, the court finds that the plaintiff has no title and is not entitled to partition.

The action is dismissed at the plaintiff's costs.

ROSS, PJ, concurs.

HAMILTON, J, concurs in separate memorandum.

HAMILTON, J, concurring.

I concur in the conclusion reached in

the foregoing opinion, for the additional reason that the title to the property sought to be partitioned is in the purchaser at the judicial sale, or his successors, and which sale the plaintiff seeks to void.

The rule is that the title of a purchaser at a judicial sale cannot, as a general rule, be impeached in equity for errors or irregularities in the proceeding. **Stites, et v Wiedner et, 35 Oh St 555.**

If there were irregularities, there are no facts which would impeach the purchaser's title to the land, and, consequently, the plaintiff has no interest therein.