CHILD, GUARDIAN, PLAINTIFF, *v.* SNYDER ET, DEFENDANTS.

Common Pleas Court, Fayette County.

No. 22942.   Decided March 27, 1962.

402

*Mr. Otis B. Core,* for plaintiff.

CASE, J.   This action in partition was instituted by plaintiff as guardian of an incompetent.   Subsequent thereto and pursuant to the report and appraisal duly made by the commissioners, the respective defendants filed a joint-election to take at the appraised value and thereupon the plaintiff-guardian also filed an election to take.   On May 19, 1961, this court ordered the real estate in question to be sold at public auction.

On May 20, 1961, defendants joined in a motion for setting aside said order of sale on the ground that plaintiff's election was not valid and was not made in good faith.

On June 5, 1961, this court made and submitted its findings of fact and conclusions of law together with an appropriate entry reaffirming its previous order of sale.   Said decision is reported in *Child, Guardian* v. *Snyder et al.,* 87 Ohio Law Abs., 109, 17 Ohio Opinions (2d), 408, 175 N. E. (2d), 213.

Said cause was then appealed to the Court of Appeals for Fayette County and was duly affirmed thereby; and thereafter defendants' motion to certify the record to the Supreme Court of Ohio was overruled.   35 Ohio BAR, No. 11.

On January 9, 1962, defendant, Daisy C. Snyder, filed a motion in Case No. G-1998, Probate Court of Fayette County, being the guardianship proceeding whereby Ralph K. Child

became the duly appointed, qualified and acting guardian of Katharine Creamer; and, by said motion defendant, Daisy C. Snyder, sought an order of the Probate Court requiring said Ralph K. Child, guardian, to dismiss his within action in partition.

On March 13, 1962, the Probate Court, Fayette County, Ohio, in said Case No. G-1998, rendered a written opinion and issued the following entry and order:

"The Court coming on now to consider the actions of Ralph K. Child, guardian herein, in Case No. 22942 in the Court of Common Pleas, Fayette County, Ohio, finds that said action is not for the best interests of his ward, and it is the order of this Court that Ralph K. Child, guardian of Katharine Creamer, immediately file a motion in said Case No. 22942 moving for the dismissal of said action, and that said guardian report to this Court the results of said motion, and it is so ordered."

On March 15, 1962, said guardian, Ralph K. Child, plaintiff herein, filed a motion for dismissal herein pursuant to and in compliance with the aforesaid order of the Probate Court; and said Probate Court has favored this Court with copies of its aforesaid opinion and order.

This Court has read and reread the aforesaid opinion of the Probate Court in an effort to discover and understand the essential elements of law and fact by reason of which said probate court could conclude, as it did, that an action in partition, which has been instituted by a guardian and has proceeded to an order of sale by the common pleas court, constitutes a proceeding for the sale of lands within the meaning, purpose and intent of Chapter 2127, Revised Code.

Section 2127.01, Revised Code, does provide as follows:

"*All proceedings for the sale of lands by* executors, administrators, and *guardians shall be in accordance with Section 2127.01 to Section 2127.43, inclusive,* Revised Code, except where the executor has testamentary power of sale, and in that case the executor may proceed under such sections or under the will. (Emphasis added by this Court.)

It is undisputed that plaintiff-guardian herein *did not* institute a proceeding for the sale of lands within the meaning, purpose or intent of said Sections 2127.01 to 2127.43, Revised Code.

It is undisputed that Ralph K. Child, guardian, instituted an action *in partition* as authorized by Chapter 5307, Revised Code. Section 5307.01, Revised Code, thereof reads as follows:

"Tenants in common, and coparceners, of any estate in lands, tenements, or hereditaments within the state, may be compelled to make or suffer partition thereof as provided in Sections 5307.01 to 5307.25, inclusive, Revised Code."

Section 5307.19, Revised Code, thereof reads as follows:

"The guardian of a minor, idiot, imbecile, or insane person, on behalf of his ward, may perform any act, matter, or thing respecting the partition of an estate which such ward could do under Sections 5307.01 to 5307.25, inclusive, Revised Code, if he were of age and of sound mind. On behalf of such ward, the guardian may elect to take the estate, when it cannot be divided without injury, and make payments therefor on the ward's behalf."

And Section 5307.20, Revised Code, provides as follows:

"A person appointed according to the laws of any other state or country, to take charge of the estate of an idiot or insane person not a resident of this state, upon being authorized in this state to take charge of such estate situate therein, may act in the partition of the estate the same as the guardian of an idiot or insane person is authorized to do by Section 5307.19, Revised Code."

In no one of the sections of Chapter 2127, Revised Code, do we find mention of or reference to "partition" or Chapter 5307, Revised Code, except Section 2127.41, Revised Code, which mentions "partition" only with respect to executors or administrators.

In no one of the sections of Chapter 5307, Revised Code, do we find mention of or reference to "land sale proceedings" or Chapter 2127, Revised Code.

In its opinion, the Probate Court pointed out that the attorney for the plaintiff-guardian herein contended that "partition is not a sale of lands." The Probate Court then quoted the definition of the word "sale" from Websters New 20th Century Dictionary, Unabridged, Copyrighted in 1960, but failed to quote any definition of the word "partition."

In *Black et al*, v. *Sylvania Producing Co.*, 105 Ohio St., 346, the Supreme Court of Ohio declared the following rule of law:

"1. The right of partition, either under the statute or in equity, is remedial in its nature, and should be liberally construed."

Judge Wanamaker in writing the opinion stated in part as follows:

"The general doctrine touching what is partitionable is ably and concisely discussed in 30 Cyc., 152:

" 'Anciently the word "partition" was employed only with reference to a division of lands by parceners or coheirs which had descended to them by law or by custom. The word has long ceased to be used in this restricted sense. Herein it is intended to include every means by which property held by two or more persons in cotenancy is converted into estates in severalty and thereby divided among them, either by assigning parts to be held in severalty or by making a sale of the whole and awarding to each his share of the proceeds.' " (105 Ohio St., 349.)

In *Bryson* v. *Briggs et al.*, 12 O. N. P. N. S., 17, at page 18, Judge Duncan states in part as follows:

"Partition means division—not sale. The writ is directed to the sheriff with the command that, by the oaths of the commissioners, he causes to be 'set off and divided' to the plaintiff, or each party in interest, such part and proportion of the estate as the court orders. * * *"

In *Shafer* v. *Buckeye State Bldg. & Loan Co. et al.*, 45 N. E. (2d), 421, at page 424, Judge Hornbeck stated in part as follows:

"*The primary purpose of partition is the division of the land among those who are entitled to share therein.* The writ of partition provided in Section 12030, General Code, directs the commissioners to 'cause to be set off and divided to the plaintiff or each party in interest, such part and proportion of the estate as the court orders.' *It is only*, if and *when the commissioners*, under Section 12034, General Code, *are of the* '*opinion that the estate cannot be divided according to the demand of the writ without manifest injury to its value*, they shall return that fact to the court with a just valuation of the estate' *that there is a basis for the court to make an order of the sale of the land. * * *"* (Emphasis by this Court.)

In Thomas J. McDermott's Ohio Real Property, Second Edition, at page 128, it is stated in part as follows:

"A guardian may institute proceeding for partition or consent to the same. *Merritt* v. *Horne,* 5 Ohio St., 307 (1855)."

"A guardian appointed by the Probate Court of another state was fully authorized to plead on behalf of his minor ward in a partition action, and by so doing entered the appearance of both and thereby conferred jurisdiction upon the court, *and the same was not subject to collateral attack. Kunzelmann* v. *Duval,* 61 Ohio App., 360, 22 N. D. (2d), 632, 14 Ohio Opinions, 519, 29 Ohio Law Abs., 200 (1939)." (Emphasis added by this court.)

In *Kunzelmann* v. *Duval, supra,* at pages 363 and 364, Judge Matthews stated in part as follows:

"By virtue of these sections, *the guardian* appointed by the Probate Court of Cook County, Illinois, *was fully authorized to prosecute a partition action in the Court of Common Pleas of this state, either as a plaintiff or as a cross-petitioner,* as in this case. He was fully authorized to plead on behalf of his minor ward, and by so doing entered the appearance of both in the action, and thereby conferred jurisdiction upon the court over their persons. *There was no irregularity in the court's assumption of that jurisdiction.*" (Emphasis added by this Court.)

In *Updike* v. *Adams et al.,* 48 Atlantic Reporter, 384, the Supreme Court of Rhode Island declared the following rule of law:

"2. Both under Gen. Laws, c. 265, No. 2, providing that tenants in common may be compelled to make partition by writ or bill in equity, and independent thereof, the right of a tenant to partition is absolute, and the difficulty and resulting inconvenience to the other tenants is no defense."

In the *Updike case, supra,* Judge Tillinghast, at page 385, stated in part as follows:

"* * * We also fail to see that any advantage can accrue to the owners by making partition, in view of the fact that the mortgage is for a very large amount, and that the makers thereof are not in a condition to pay it off without recourse to the land. *But it is well settled that the particular inconveniences and hardships which may result from the partition cannot be set up as a bar to the complainant's right to have it made,* * * *" (Emphasis added by this Court.)

"* * * *Partition in equity,* where there are no legal objections to the complainant's title, *is a matter of right, and not discretionary with the court*; and, *where all the conditions prerequisite to a partition exist, any hardship incidental to the exercise of said right, arising out of the particular circumstances of a given case, cannot prevent the complainant from enforcing it.* * * *"* (Emphasis added by this Court.)

In view of the present state of the record in this cause, it is undisputed that, upon affirmance of the trial court by the Court of Appeals for Fayette County together with the denial of defendants' motion to certify the record from that court of appeals to the Supreme Court of Ohio, all of the express statutory prerequisites of Chapter 5307, Revised Code, had been met and complied with and this Court had acquired jurisdiction to make and issue a valid order of sale pursuant to the express provisions of Chapter 5307, Revised Code.

The question now raised and before this Court is whether or not the Probate Court, under the provisions of Section 2111.14 and Section 2127.01 et seq., Revised Code, can compel the dismissal and termination of an action in partition after the Common Pleas Court has acquired full and complete jurisdiction of said partition action and has made and issued a valid order of sale pursuant to the provisions of Chapter 5307, Revised Code.

The Probate Court contends that it has authority to compel the guardian to file a motion in the Common Pleas Court for the dismissal of said partition action under the provisions of Section 2111.14 (E) and Chapter 2127, Revised Code. And although it must be conceded that Section 2111.14, Revised Code, provides in part that the guardian has a duty—"(D) to obey all orders and judgments of the courts touching the guardianship;" and "(E) to bring suit for his ward when such suit is for the best interests of such ward;" this Court cannot comprehend how these provisions can relate to the matter or subject of partition as expressly and specifically provided for in Chapter 5307, Revised Code, or how those provisions could be read together to ascertain and effectuate the legislative intent of Section 5307.19, Revised Code, and all related sections of that chapter.

It has been a long and well established rule of law that

the rule in pari materia *is applicable only* when the terms of the statute to be construed are ambiguous or its significance is doubtful; and that the rule in pari materia *is not to be applied* to effect a construction contrary to the clearly manifested intent of the legislature. See *State* v. *Fremont Lodge of Loyal Order of Moose,* 151 Ohio St., 19, at page 20, paragraph 9 of syllabus.

It must be conceded that the terms of Section 5307.19, Revised Code, are not ambiguous nor is its significance doubtful. It expressly and specifically grants to the guardian the identical power to compel partition that his ward would have to compel the same if his ward "were of age and of sound mind." Clearly, the powers and duties of a guardian have not been so granted and described in Chapter 2111 or Chapter 2127, Revised Code. By its provisions the legislature clearly intended that the guardian could act without seeking consent and approval of the Probate Court to assert the absolute right of his ward for partition to the same degree and extent that his ward could act if said ward "were of age and of sound mind."

On the other hand, to apply the rule in pari materia, which in substance and effect is what the Probate Court has sought to do in this case, is to effect a construction of the provisions of Section 5307.19, Revised Code, contrary to the clearly manifested intent of the legislature.

As hereinabove pointed out, said probate court made and issued said compulsory order for the guardian to file a motion in this court for dismissal of said partition proceeding upon the ground that a Probate Court has authority, under Chapter 2127, Revised Code, to order and require a guardian appointed by that court to file a motion "to terminate any proceeding in any court when it appears to the appointing court that the action being prosecuted by said guardian is not for the best interest of the ward."

In other words, said probate court's opinion and order to the guardian to dismiss the within action in partition is based upon a statutory interpretation which in force and effect holds that a guardian cannot institute, prosecute or maintain an action in partition under the provisions of Chapter 5307, Revised Code, unless such guardian has first applied to and received consent and approval from the Probate Court upon a showing that such

partition would be, in the opinion of said probate court, for the best interest of the ward.

In the absence of any express language in Section 5307.19, Revised Code, which would in substance and effect state that the guardian, on behalf of his ward, may, "upon application and consent of the Probate Court," perform any act, matter, or thing respecting the partition of an estate which such ward could do under sections 5307.01 to 5307.25, inclusive, Revised Code, if he were of age and of sound mind, this Court is of the opinion that the aforesaid compulsory order for the guardian to dismiss the within action constitutes judicial legislation and is contrary to long existing and well established statute and case law.

It is the duty of every court to adhere to statute law. In 50 Ohio Jurisprudence (2d), No. 165, at pages 132 to 135, inclusive, it is stated as follows:

"The courts may not read meaning into a law, but on the contrary must bring meaning out of it. They have no legislative authority and should avoid judicial legislation. It is their province to construe, or interpret, and not to make the law.

"The courts, in the construction of a statute, must be guided by it as it exists, in other words, as the legislature enacted it. A court can do nothing more than follow the mandate of the legislature as evidenced by the statute itself. Courts cannot write what they consider better acts.

"The statutory law, if valid, is—to use the various forms of expression used by the courts—to be taken, followed, carried out, applied, administered, and enforced in the form enacted and declared, announced, or expounded. It is the duty of the court to ascertain what the statute means and execute it accordingly.

"It is not the prerogative of a court to fill in or interpolate into a statute that which the legislature omits. The court cannot furnish a remedy which the law fails to supply. And the mere fact that a court cannot find any good reason why the legislature enacted a statute creating a cumbersome procedure is no reason for the courts to read into the statute language not contained in it.

"The provisions of the statute cannot be extended by implication beyond the clear import of the language used, or its

operation so enlarged as to embrace subjects not specifically enumerated. Thus, for example, if the legislature desires to include certain persons who are not included within the terms of a statute it should act and the statute should not be extended by judicial construction.''

ULTIMATE FINDINGS AND CONCLUSIONS OF LAW

And this Court, coming now to consider plaintiff-guardian's motion herein filed pursuant to the opinion and compulsory order of the Probate Court of Fayette County, Ohio, together with those undisputed facts and circumstances of record and the statute and case law hereinabove cited and discussed, do find:

1. That this Court's order of sale hereinbefore made and issued on May 19, 1961, and reaffirmed by its subsequent opinion and order of June 5, 1961, is a valid order of sale and has been affirmed in force and effect by the Court of Appeals for Fayette County and the Supreme Court of Ohio;

2. That the within action in partition has been carried out thus far in accordance with the express statutory provisions of Chapter 5307, Revised Code;

3. That, under the provisions of Section 5307.19, Revised Code, plaintiff-guardian herein is not required to obtain consent and approval of the Probate Court before instituting and maintaining an action in partition;

4. That, under the provisions of Section 5307.19, Revised Code, if as in this case, all of the express statutory requirements of Chapter 5307, Revised Code, are met and satisfied, the plaintiff-guardian has an absolute right to partition on behalf of his ward even though the estate cannot be divided and conflicting elections to purchase at the appraised value have brought about an order of sale by the Common Pleas Court as provided by law;

5. That such an order of sale by the Common Pleas Court cannot be collaterally attacked by an opinion and compulsory order and motion for dismissal made and issued by the Probate Court which appointed such guardian who instituted such action in partition;

6. That a motion for dismissal filed by plaintiff-guardian in a partition action in compliance with such a compulsory order of the Probate Court is not well made for the reason that parti-

tion is a matter of right and is not discretionary with the Common Pleas Court under the facts and circumstances of record herein; and

7. That, for the reasons and upon the findings and conclusions hereinabove stated and set forth, this Court should prepare an entry and order overruling and denying plaintiff-guardian's compulsory motion to dismiss said action in partition and should reaffirm its aforesaid order of sale hereinbefore made and issued on May 19, 1961.

CHILD, GUARDIAN, PLAINTIFF, *v.* SNYDER ET, DEFENDANTS.

CASE, J. The Court, coming now to consider plaintiff's motion herein filed on March 15, 1962, which reads as follows:—

"By order of the Probate Court of Fayette County, Ohio, Ralph K. Child as guardian, the plaintiff herein, moves this Court for dismissal of the within action."—
together with plaintiff's memorandum attached thereto (consisting of the designation of Section 5307.19, Revised Code, and the full quotation of the terms and provisions of said section) and also taking into consideration this Court's written opinion of even date herewith which is incorporated herein and made a part hereof as if fully rewritten herein, do find:

That, for the reasons stated and upon the authorities cited and discussed in the aforesaid written opinion, the plaintiff's said motion for dismissal is not well made and should be overruled and denied; and that the order of sale hereinbefore made and issued on May 19, 1961, and reaffirmed on June 5, 1961, should again be reaffirmed and executed as provided by law.

It is, therefore, ordered, adjudged and decreed that plaintiff's aforesaid motion for dismissal of the within action be, and hereby said motion is, overruled and denied; and it is further ordered that the order of sale hereinbefore made and issued on May 19, 1961, and reaffirmed on June 5, 1961, be, and hereby said order of sale is, reaffirmed; and that the Sheriff of Fayette County be, and hereby said Sheriff is, ordered to execute the same as provided by law.