**STATE of Missouri ex rel. James Everett BALLEW, Relator,**

**v.**

**The Honorable James P. HAWKINS, Judge of the Circuit Court of Hickory County, Missouri, and of the 30th Judicial Circuit, Respondent.**

**No. 8101.**

Springfield Court of Appeals.

Missouri.

Oct. 11, 1962.

Motion for Rehearing or to Transfer to Supreme Court Denied Nov. 19, 1962.

854

Allen, Woolsey & Fisher, Russell G. Clark, Springfield, for relator.

George H. Miller, Sedalia, for respondent.

RUARK, Presiding Judge.

This is prohibition. We know of no way to convey a better understanding of the mare's nest in which we are entangled than to relate the facts chronologically.

On April 28, 1960, plaintiff Bake filed suit against defendant Ballew (the relator herein) in the Circuit Court of *Hickory County*. The petition was a suit for damages based upon the negligent killing of the wife of plaintiff on May 15, 1959. Summons on said suit was issued *May 7, 1960*.

Defendant Ballew lived in *Dallas County*, which adjoins Hickory County and is in the same circuit. Prior to filing suit plaintiff's counsel inquired of defendant as to his residence and defendant told him (as the fact appears) that he, defendant, lived in Buffalo which is in Dallas County. However, plaintiff had information that every two or three weeks the defendant, who was a resort operator, drove through Hickory County on his way to purchase live minnows in yet another county. Plaintiff's counsel requested the sheriff to get service on Ballew when he came through the county.

There the matter stood. Service was not obtained in the manner plaintiff had hoped, and on *May 14, 1960*, the plaintiff filed suit on the same cause of action in *Dallas County* and there obtained service on the defendant. In the Dallas County Case (on *June 8*), defendant (the relator herein) entered by the filing of motion to dismiss and motion for costs.

In the meantime, the case which had been filed in Hickory County had remained in suspended animation. Time for service of the summons passed and no request was made for a 90-day extension under Civil Rule 54.10(d), V.A.M.R. Finally, on *September 12*, the respondent judge of Hickory

County called his docket and made an order, "Dismissed by Court," on his docket sheet. This was sometime in the forenoon. The dismissal so entered was apparently on the court's own motion. It does not appear that counsel were present. Sometime thereafter, possibly during the noon hour of the same day, the sheriff found defendant Ballew on a hunting trip in Hickory County and there served him with the summons which he had been carrying. When court resumed session in the afternoon, his attention was called to this purported service and he made this entry, "Dismissed by Court." In other words, he drew two lines through the docket entry which he had made that morning.

On *October 3*, the Circuit Court of *Dallas County* overruled defendant's motion for costs and motion to dismiss.

On *October 7, 1960,* the defendant went into the Circuit Court of Hickory County and filed his motion to dismiss. This motion stated that it was a special appearance for the purpose of presenting said motion and that defendant did not thereby enter a general appearance. The basis of the motion was that plaintiff had theretofore filed suit and obtained service on the defendant in Dallas County; that the case was at issue and set for trial in Dallas County on December 14, 1960; that the two suits involved the same persons, the same subject matter, and the same issues. So far as we are able to find, this motion was never heard or ruled.

On *October 20, 1960*, we shift back to Dallas County. According to the docket entry, the plaintiff dismissed his suit "without prejudice."

Now back to Hickory County. On *January 13, 1961,* defendant filed a "motion by way of special appearance" in which he appeared specially and attempted again to reserve general appearance. The grounds of this motion were (1) no jurisdiction over the defendant because there had been no valid service of process and (2) no jurisdiction because the suit was not commenced within one year and was therefore barred by the statute of limitations.

On *April 3,* the court overruled this motion to dismiss. The docket entry shows, "Motion to dismiss overruled on ground that order of dismissal of 9–12/60 was a nullity. Set for trial June 13, 1961 at 9 A. M."

On *April 12,* defendant filed answer which reasserted his contention that the court had no jurisdiction because (1) there had been no service of process and (2) the cause was barred by the statute of limitations. The answer further pleaded to the merits.

On *June 13,* defendant filed motion for leave to file third party petition. This motion was sustained and summons was ordered.

On *October 26,* a motion to dismiss the third party petition was sustained.

On *November 7,* defendant filed motion for summary judgment, asserting as grounds (1) no jurisdiction over the defendant in the Hickory County court because at the time of alleged service of summons there was no suit pending; (2) no jurisdiction over the subject matter because the suit was not commenced within one year and was therefore barred. At the time suit was filed and summons issued, the plaintiff's attorney knew defendant was not a resident of Hickory County but simply relied upon "happenstance and luck" to obtain service and that such was not a commencement of the action. Also, (3) that no valid service was had because summons had not been served until September 12.

On *January 8, 1962,* the court overruled the motion for summary judgment, and there is no dispute that respondent will proceed to trial of the Hickory County case unless prohibited.

We will attempt to pull the sticks out of this brush pile one by one. First, *what was the effect of the dismissal on September 12 and the subsequent striking*

*of such entry?* Relator says that the dismissal finally disposed of the case. Respondent says it was a nullity. Petition had been filed and summons issued but no service had been obtained. No other or alias summons had been requested. The petition was simply lying "in hibernation" but it showed as a pending case on the court's docket.

It has been repeatedly affirmed that the courts have the inherent power to dismiss because of failure to prosecute with due diligence. Doughty v. Terminal R. Ass'n. of St. Louis, Mo., 291 S.W.2d 119; City of Jefferson v. Capital City Oil Co., Mo.App., 286 S.W.2d 65; Wiles-Chipman Lumber Co. v. Pieper, Mo.App., 176 S.W.2d 50, 52. And this may be done on the court's own motion. Snyder v. Christie, Mo.App., 272 S.W.2d 27; M. Salle for Use and Benefit of Mandel v. Holland Furnace Co., Mo., 337 S.W.2d 87. However, in the absence of notice, the dismissal is without prejudice.[1] In Texas-Western Co. v. Giesecke, Mo. App., 342 S.W.2d 266, the court stated that a dismissal for want of service of process was unjustified and unwarranted, but it did not hold the dismissal to be *void*. In considering the question, we have determined that the dismissal for want of prosecution was within the power of the court and was not void. It was not a final judgment disposing of the rights of the parties (Harrison v. Weisbrod, Mo.App., 358 S.W.2d 277, 282; Bindley v. Metropolitan Life Ins. Corp., Mo., 335 S.W.2d 64, 70). Also, it appears to have been on the judge's docket call and naught appears to show that this was not the regular and established practice of which the attorneys should have taken notice. We should not presume lack of jurisdiction. Cusack v. Green, Mo.App., 252 S.W.2d 633, 635; Hendershot v. Minich, Mo., 297 S.W.2d 403, 410; Gomez v. Gomez, Mo., 336 S.W.2d 656(6).

This presents the problem of the later "entry" marking out the entry of dismissal.

Relator says *this* was a nullity. Respondent takes the position that it was simply the removal of a nullity. We agree that a court has the inherent power to correct clerical errors in its record. Robinson Lumber Co. v. Hazel, Mo.App., 271 S.W.2d 610; Clayton v. Holland Furnace Co., Mo. App., 300 S.W.2d 824; York v. Stigall, 204 Mo. 407, 102 S.W. 987. But the action of the court does not appear to have been unintentional. It was not the result of inadvertence or misprision. The judge meant to make the entry which he did.

A court speaks through its records. State ex rel. Gentry v. Westhues, 315 Mo. 672, 286 S.W. 396(7); In re Wakefield, Mo. App., 274 S.W.2d 345; 365 Mo. 415, 283 S.W.2d 467(3). And since we have said that the entry so drawn through with lines was not an unintentional act or an inadvertence, we must interpret and give some meaning to the marking through of the entry. The court retains control over its judgments for a period of thirty days (Civil Rule 75.01, V.A.M.R.) and, as we view it, had the *power,* or *jurisdiction,* to set aside or vacate the nonsuit during that period. Harrison v. Weisbrod, Mo.App., 358 S.W. 2d 277; Arkansas-Missouri Power Co. v. Hamlin, Mo.App., 288 S.W.2d 14, 19; Mid-States Equipment Corp. v. Hobart Welders Sales & Service, Mo.App., 233 S.W.2d 757, 758; Duenke v. St. Louis County, 358 Mo. 91, 213 S.W.2d 492. And since the idea in drawing through the previous entry was with a view of doing away with it, the "entry," consisting of two parallel lines drawn through the previous entry, should, we believe, be treated as the vacation of the order of dismissal. But under either view of the whole proceeding in respect to this dismissal (and remembering this is prohibition, not appeal), it appears that the parties were back where they started from earlier in the day in so far as the court's records were concerned.

---

1. Levee Dist. No. 4 of Dunklin County v. Small, Mo.App., 281 S.W.2d 614; Crispin v. St. Louis Public Service Co., 361 Mo. 866, 237 S.W.2d 153; Bindley v. Metropolitan Life Ins. Co., 358 Mo. 31, 213 S.W.2d 387.

▇▇▇ A more serious question is: *Was the service of summons (issued on May 7), which was had on the defendant September 12, such as to confer jurisdiction of defendant's person?* Civil Rule 54.10, V.A.M.R., provides that the officer—shall make return of service promptly and in any event within the time during which defendant must plead. If process cannot be served, *it shall be returned to the court within thirty days after date of issue.* It is provided, however, that *time for service may be extended up to ninety days from date of issue by order of the court or judge* to which it is returnable.

A summons is a process, a means of bringing the defendant into court so that the court acquires jurisdiction of his person. It is wholly a statutory matter and, unless the defendant is served in the manner provided by law, the court is without authority to proceed. State ex rel. Minihan v. Aronson, 350 Mo. 309, 165 S.W.2d 404. It is the generally accepted rule that a writ or process which has not been served expires and becomes functus officio on the return day thereof and thereafter confers no authority, unless by virtue of statute, or of some act of the court itself, the authority is extended.[2]

Missouri seems to follow the majority rule. Thus, in Henneke v. Strack, Mo.App., 101 S.W.2d 743, it was claimed that a summons issued on December 29, 1933, returnable to a term to begin January 8, 1934, was served on April 30, 1934. The court stated, l. c. 746:

" * * * Service of the writ after beginning of the term to which it is returnable is no service. The writ, in such case, is functus officio, dead. 50 C.J. 481; 21 R.C.L. 1273. Therefore, if the facts are as claimed by appellant, the judgment is void for lack of jurisdiction to render it.

"Appellant could have appeared at September term, 1934, specially, to challenge jurisdiction, and would not have conferred any jurisdiction by so doing. State v. Wright (Mo.App.), 88 S.W.2d 427, loc. cit. 431. Having failed to do so, however, she is not precluded from raising the question later." (See also Henman v. Westheimer, 110 Mo. App. 191, 85 S.W. 101.)

The only conclusion we can come to is that the dog-eared summons had become functus officio prior to September 12, was no longer "process," and had no more effect in obtaining personal jurisdiction of the defendant than had it been a belated valentine handed to the defendant by the sheriff. The lack of personal jurisdiction because of failure to meet the requirements for obtaining the same would render any judgment or action of the court, in respect to subjecting the defendant to liability, void *ab initio.* Orrick v. Orrick, Mo.App., 233 S.W.2d 826, 829.

▇▇▇ *Of what effect was relator's motion to dismiss (of October 7, 1960) for the reason that Dallas County had acquired jurisdiction?* At the time of the motion (and while the instant case was lying dormant and without service), petition had been filed in the Circuit Court of Dallas County, summons had been served, and defendant had appeared. Clearly the Circuit Court of Dallas County had acquired exclusive jurisdiction and the Circuit Court of Hickory County had *no jurisdiction to proceed with the case.* State ex rel. Dunphy v. Eversole, Mo.App., 339 S.W.2d 506; Cutten v. Latshaw, Mo.App., 344 S.W.2d 257, 259; In re Gaebler's Estate, Mo.App., 248 S.W.2d 12,

---

2. 42 Am.Jur., Process, § 26, p. 26; 72 C.J.S. Process § 33a, p. 1040; Green v. Chrisman, 223 N.C. 724, 28 S.E.2d 215; Hamlen & Son v. Allen, 186 Ark. 1104, 57 S.W.2d 1046; Hall v. Ocean Accident & Guarantee Corp., Ltd., 122 W.Va. 188, 9 S.E.2d 45; Harrison v. Whiteley, Tex. Com.App., 6 S.W.2d 89; Murphree v. International Shoe Co., 246 Ala. 384, 20 So. 2d 782; Lemothe v. Cimbalista, Tex., 236 S.W.2d 681; Leach v. City of Orange, Tex.Civ.App., 46 S.W.2d 1047; Compare Kunzelmann v. Duval, 61 Ohio App. 360, 22 N.E.2d 632.

16; State ex rel. Nelson v. Williams, Mo. App., 249 S.W.2d 506; State ex rel. Davis v. Ellison, 276 Mo. 642, 208 S.W. 439, 441; State ex rel. Fromme v. Harris, Mo.App., 194 S.W.2d 932; State ex rel. Nicholson v. McLaughlin, Mo.App., 170 S.W.2d 705. The relator should have insisted upon a hearing and a ruling on this motion, and the court should have sustained the motion, in the light of the facts as they now appear.

But did the filing of this motion enter the defendant's appearance to the Hickory County case? Respondent argues that it did. His theory is that relator, by coming in, even by special and limited appearance for that purpose, and requesting the court to make an order beneficial to him in reference to jurisdiction of the subject matter, submitted his *person* to the jurisdiction of the court.

The theory of the cases, at least the older cases, was that a challenge to the jurisdiction of the subject matter conferred jurisdiction over the person,[3] this because the very act of coming in and requesting the court to make or render any ruling which might be of benefit to the movant amounts to a submission of the person to the jurisdiction of court. Mahan v. Baile, 358 Mo. 625, 216 S.W.2d 92.

But the new code has considerably lightened the burden of one who wishes to question the jurisdiction. A party may now join his objection to jurisdiction with any other motion now available, and a pleading over does not waive any objection properly raised by motion. See Civil Rule 55.37, V.A.M.R. (§ 509.340 V.A.M.S.). And under Civil Rule 55.31, V.A.M.R. (§ 509.290 V.A.M.S.), objections to jurisdiction of the subject matter or person may be raised by motion whether or not the objections may appear from the pleadings and other papers filed in the cause.

Even under the old rule, an appearance "specially" to question *the right of the court to proceed with the cause,* without requesting some other or affirmative relief, was not considered to be a submission of the person to the jurisdiction. Crabtree v. Aetna Life Ins. Co., 341 Mo. 1173, 111 S.W.2d 103, 109; Maxwell v. DeLong (W.D.Mo.), 107 F. Supp. 166; see also State ex rel. Kansas City Public Service Co. v. Waltner, 350 Mo. 1021, 169 S.W.2d 697; Mertens v. McMahon, 334 Mo. 175, 66 S.W.2d 127, 93 A. L.R. 1285; Mo.L.Rev. 424 (1949).

In Beckmann v. Beckmann, Mo.App., 211 S.W.2d 536, 539; 358 Mo. 1029, 218 S.W. 2d 566, which seemed to involve both jurisdiction of the res and jurisdiction of the person, it was held that a special appearance, properly interposed and limited, does not confer on the court jurisdiction of the person or waive jurisdictional defects.

In State ex rel. Boll v. Weinstein, 365 Mo. 1179, 295 S.W.2d 62, the court said, l. c. 66:

"We need not decide whether there may ever be a waiver of improper venue by a failure to raise the objection by motion in accordance with § 509.340. We do think, however, and so hold, that in order to waive an existing want of jurisdiction over the person of the defendant, there must be some overt act constituting a general appearance, by virtue of which the defendant submits himself or itself to the jurisdiction of the court; * * *."

Certainly the defendant did not *intend* by such motion to enter his appearance or to do other than file a pleading requesting the court not to proceed with the cause because of lack of jurisdiction to so proceed. And, if the evidence showed the same case to have been filed, served, pending, and at issue in another court (as it now appears),

---

3. State ex rel. Auchincloss, Parker & Redpath v. Harris, 349 Mo. 190, 159 S.W. 2d 799; State ex rel. Pacific Mut. Life Ins. Co. v. Grimm, 239 Mo. 135, 143 S.W. 483; Moseley v. Victory Life Ins. Co.,

226 Mo.App. 566, 45 S.W.2d 119; See Davis v. Fleming, Mo.App., 253 S.W. 798; Merchants' Savings & Loan Ass'n. of Kansas City v. Ancona Realty Co., 229 Mo.App. 714, 78 S.W.2d 470.

there was naught which the Circuit Court of Hickory County could do but abate the action then before it. In this regard and as pertaining to this situation, we treat and consider the jurisdiction in respect to *the right to proceed* as being equivalent to *jurisdiction of the subject matter*. (See State ex rel. Lambert v. Flynn, 348 Mo. 525, 154 S.W.2d 52, 57.) We are of the opinion that the defendant appeared only to the extent of requesting determination of the right of the court to proceed with the case, and no further. To hold otherwise would be to open the door to a vitiation of the intent and purpose of our process and venue statutes by means of bringing suits, getting the defendant into court in order to protest jurisdiction to proceed, and then fastening upon him the grip of his own unintended waiver. We think this is contrary to the purposes of the code.

*What effect did the subsequent pleadings have?* It will be recalled that on January 13, 1961, the defendant, relator here, filed his motion to dismiss, wherein he again asserted that he was making special and limited appearance. In this motion he urged dismissal on the grounds that (1) there was no jurisdiction over the person because there had been no valid service of process and (2) the cause was (then) barred by the statute of limitations inasmuch as it had not been commenced within one year. At that time the suit in Dallas County was no longer pending (the plaintiff therein having dismissed on October 20). This motion by relator was overruled, and then followed the pleadings heretofore mentioned.

■ We think this motion plainly reserved jurisdiction. It was only an alternative entry of appearance and the subsequent pleadings did not constitute an abandonment of the reservation. The only question we have is whether the defense of no jurisdiction of the person was then *available* to the defendant and whether he had waived the benefit of such motion by operation of Civil Rule 55.37, V.A.M.R., which provides

that a party waives all objections and other matters then available to him by motion by failure to assert the same, when he files his original motion going to the *right of the court to proceed*. Civil Rule 55.36, V.A.M.R. (§ 509.330 V.A.M.S.) provides that all motions shall be made "within the time allowed for responding to the opposing party's pleading." (Darr v. Darr, Mo.App., 287 S.W.2d 118(2).)

As to the pleading of no jurisdiction to proceed in the case: We have already said that this motion was not an entry of appearance which accomplished surrender of jurisdiction of the person. The defendant could have stayed out completely and attacked as void any judgment rendered in the Hickory County case. If the court had, as we have said, no jurisdiction to proceed in the case, then it had no jurisdiction to entertain any further motions or pleadings which might have otherwise affected the proceedings. We think Civil Rule 55.37 was not intended to apply to situations where the court had no such jurisdiction, and that a defendant is not *required* to make all of the pleadings which he might otherwise make along with a simple suggestion of no jurisdiction. For that reason we are constrained to hold that the defendant did not waive the defense of no personal jurisdiction by failing to assert it along with his suggestion of no jurisdiction to proceed with the cause.

■ This being the case, the court never did acquire, and does not now have, jurisdiction of the person of the defendant, and the respondent judge is now acting, and threatens to act, beyond his jurisdiction by continuing to proceed against him. Prohibition is the proper remedy. State ex rel. Boll v. Weinstein, supra. If this is true, and we so hold, then the question of whether the statute of limitations is applicable becomes a moot question in this case. It is the policy of this court to pass upon only such questions as may be necessary to determine the issue before it. We have said that the court is proceeding without jurisdiction of the person of this defendant. We

think this is sufficient for the purposes of this case. It is our judgment that the preliminary writ should be made absolute. It is so ordered.

STONE and McDOWELL, JJ., concur.